[No. 34306.   *En Banc.*   April 16, 1959.]

*In the Matter of the Application for a Writ of Habeas Corpus of* GERALD R. WOODS, *Petitioner,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 338 P. (2d) 332.

*Gerald R. Woods, pro se. (J. J. Roller* and *F. Curtis Hilton, of counsel, pro bono publico.)*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

ROSELLINI, J.—This matter is before the court on remand from the Supreme Court of the United States, which granted the petitioner's application for a writ of certiorari and vacated the judgment of this court denying a petition for a writ of *habeas corpus*. The order of the supreme court provided:

"It is further ordered that this case be, and the same is hereby, remanded to the Supreme Court of Washington for consideration in light of Eskridge v. Washington State Board of Prison Terms and Paroles, No. 96, October Term, 1957, decided June 16, 1958."

In its order dismissing the application made in this court for a writ of *habeas corpus*, the court set forth the contentions on which the petition was grounded and answered them as follows:

"The above-entitled cause came on for hearing before Department Two of this court on February 7, 1958. The petitioner's allegations were:

"(1) That he was arrested without a warrant.

"(2) Illegal evidence was obtained without a search warrant and used against him.

"(3) He was coerced into signing a confession which was used in evidence against him.

"(4) His court-appointed attorney would not represent him or help him prepare his case.

"(5) He was denied a free statement of facts[2] for the purposes of his appeal.

"The court has considered the petition herein, the return and answer, and the evidence submitted in this cause.

"It appears to the court that the first two allegations relate to matters which are not material to an application for a writ of habeas corpus, where the petitioner is being held by the respondent under a judgment valid on its face entered on a jury verdict of guilty.

"Allegation #3 is affirmatively rebutted by the excerpts of the transcript of this petitioner's criminal trial relating to the admission of the confession. The record affirmatively shows that no coercion, duress, fraud, or false promises were used to obtain the confession. The petitioner, who was acting as his own attorney, did not question the use of the confession on such grounds, as he presently asserts in this cause of action.

"It appearing to the court that the fourth allegation is without merit as a ground for a writ of habeas corpus in that the petitioner discharged his court-appointed attorney and elected to represent himself; and that the fifth allegation is without merit as a ground for a writ of habeas corpus in that there is no showing that the petitioner filed a narrative statement of facts or made any contention that his appeal could not be adequately presented with a narrative statement of facts;

"It Is Therefore Ordered that the petitioner's application for a writ of habeas corpus be denied."

*Eskridge v. Washington State Board of Prison Terms & Paroles*, 357 U. S. 214, 2 L. Ed. (2d) 1269, 78 S. Ct. 1061, which the supreme court has held to be pertinent to the

---

[2]The terms "statement of facts" and "transcript" are used interchangeably in this opinion. Both refer to the stenographic transcript of the record.

constitutional question presented in this petition, was a case in which the trial court, in the exercise of the discretion conferred on it by statute, had found that

". . . justice would not be promoted . . . [by providing the defendant a free transcript for appeal purposes] in that defendant has been accorded a fair and impartial trial, and in the court's opinion no grave or prejudicial errors occurred therein."

The petitioner in that case then moved this court for a writ of mandate directing the trial judge to order a transcript furnished for the prosecution of his appeal. The petition was denied, and the state's motion to dismiss the petitioner's appeal for failure to file a certified "statement of facts" and "transcript of record" was granted. In 1956, the petitioner applied for a writ of *habeas corpus* in this court, charging that the refusal to furnish a free transcript was a denial of his rights under the due process and equal protection clauses of the fourteenth amendment to the United States constitution. This petition was denied without opinion, and the supreme court granted certiorari. 353 U. S. 922, 1 L. Ed. (2d) 719, 77 S. Ct. 683. The holding of the supreme court (357 U. S. 214, *supra*) is as follows:

"In this Court the State does not deny petitioner's allegations of poverty, the substantiality of the trial errors he alleges, or the necessity for him to have some record of the proceedings in order to prosecute his appeal properly. It does argue that petitioner might have utilized notes compiled by someone other than the official court reporter. Assuming that under some circumstances such notes could be an adequate substitute for a court reporter's transcript there is nothing in this record to show that any were available to petitioner, and the Washington courts appear to have proceeded on the assumption that he could not effectively prosecute his appeal unless the motion for a free transcript was granted. The State concedes that the reporter's transcript from the 1935 trial is still available. In *Griffin v. Illinois*, 351 U. S. 12, we held that a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials. We hold that Washington

has denied this constitutional right here. The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the *Griffin* case, we do hold that, '[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.' *Griffin v. Illinois*, 351 U. S. 12, 19."

The record before us reveals that on October 16, 1956, the petitioner was convicted by a jury on a charge of robbery. He was an indigent, and the court had appointed counsel to represent him. Before the trial, he had notified the court that he had discharged his court-appointed counsel and would conduct his own defense. However, the attorney who had been appointed by the court remained in attendance and his services were available if desired.

The record before us does not disclose the ground on which the trial court determined that justice would not be promoted by providing the petitioner with a free statement of facts, there being no copy of the written order, if one was entered, denying the motion. A minute entry simply states: "Motion for statement of facts denied."

This court has held that the burden is on an indigent defendant to show that a narrative statement of facts will not suffice for his appeal. *In re Grady v. Schneckloth*, 51 Wn. (2d) 1, 314 P. (2d) 930. The order of this court dismissing the application for a writ, assumed the correctness of that decision. The Supreme Court of the United States, in *Eskridge v. Washington State Board of Prison Terms & Paroles*, *supra*, has, in effect, held that if an indigent defendant alleges substantial errors requiring some record of the proceedings in order to properly prosecute his appeal, the burden shifts to the state to show that a narrative statement is adequate and is available to the defendant.

The tenth amendment of the Washington constitution provides a right of appeal in all cases.

RCW 2.32.240 provides that, on a showing by the defendant in a criminal action that he does not have the financial ability to pay for such a transcript, the judge presiding, if in his opinion justice will thereby be promoted, may have the transcript prepared at county expense.

It is not necessary in every case to have a full stenographic transcript of the evidence to adequately review the errors alleged to have been committed. Only the evidence bearing upon the question or questions sought to be reviewed need be in the statement of facts, and it is not necessary to include evidence bearing upon rulings on which no error has been assigned. An appeal on a short record is permitted under subd. (3), and an appeal on an agreed statement of facts is permitted under subd. (4) Rule 34, Rules on Appeal, 34A Wn. (2d) 36, RCW Vol. 0, provided that a concise statement of points on which the appellant intends to rely is set forth. An issue involving a question of law may be adequately presented, under certain circumstances, for appellate review without a statement of facts. See *State v. Moorison*, 43 Wn. (2d) 23, 259 P. (2d) 1105.

Since *Livermore v. Northwest Airlines*, 6 Wn. (2d) 1, 106 P. (2d) 578 (1940), we have recognized that a

". . . statement of facts may be in narrative form, and need not be in the form of a verbatim reproduction of all that transpired during the trial of the cause."

To the same effect is *Grady v. Schneckloth*, *supra*. In *State v. Mevis*, 53 Wn. (2d) 377, 333 P. (2d) 1095, a twenty-eight page narrative statement of facts was held sufficient to concisely present the evidence pertinent to the issues raised by the defendant's appeal.

It is true that in *Griffin v. Illinois*, 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. (2d) 1055, it was held that where a state constitution provides for an appellate court's review of criminal proceedings, the indigent defendant has a right to such review; however, the supreme court has not gone so far as to say that this includes the right to a frivolous appeal which will result in a futile proceeding. Where an indigent defendant desires to exercise his right

of appellate review, a court may protect his right without approving the expenditure of public funds for an unnecessary portion of the stenographic transcript of the evidence. The wanton expenditure of the taxpayers' money on an appeal made without serious purpose is not a right envisaged by our state constitution. See *In re Mason v. Cranor*, 42 Wn. (2d) 610, 257 P. (2d) 211.

This concept is recognized by the Federal courts. Although the United States constitution is silent upon the right of appeal, the privilege of appellate review is granted by statute. 28 U. S. C., § 1915, provides that any Federal court may authorize an appeal in any civil or criminal proceeding "without prepayment of fees and costs or security therefor," by a citizen who makes an affidavit that he is unable to pay the costs or give security therefor. It further provides that appeal may not be taken in *forma pauperis* if "the trial court certifies in writing that it is not taken in good faith." In *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U. S. 331, 93 L. Ed. 43, 69 S. Ct. 85, 11 A. L. R. (2d) 599, the court recognized the duty to protect the public from having to pay heavy court costs incident to inclusion of wholly unnecessary matters in an appeal in *forma pauperis*.

The essence of the rule is that only a meritorious appeal may be prosecuted in *forma pauperis* under Federal statute. And, in *United States v. Gicinto*, 114 F. Supp. 929, the court said that if the trial court is of the opinion that an appeal from the conviction of a crime is frivolous and without merit, and a futile proceeding, an application to appeal in *forma pauperis* should be denied.

However, in *Farley v. United States*, 354 U. S. 521, 1 L. Ed. (2d) 1529, 77 S. Ct. 1371, the court held that leave to appeal in *forma pauperis*, upon the conviction of a crime, could not be denied on the grounds that the appeal was frivolous where the defendant's contention was that the evidence was insufficient to sustain the conviction, the court stating that it was quite clear that the appeal could not be characterized as frivolous.

Since *Griffin v. Illinois, supra* (1955), the extent of the right of an indigent defendant to obtain a free statement of facts to insure him an adequate appellate review has been a recurring and troublesome question. The difficulty has arisen because of the lack of precedent to guide the trial courts in considering the substantiality of the errors claimed, and in determining what portion of the record is necessary to adequately review the claimed errors.

To aid the trial court in passing upon these matters, this court hereby prescribes the following procedure:

1. An indigent defendant in his motion for a free statement of facts[3] must set forth:
   a. The fact of his indigency
   b. The errors which he claims were committed; and if it is claimed that the evidence is insufficient to justify the verdict, he shall specify with particularity in what respect he believes the evidence is lacking.[4] (The allegations of error need not be expressed in any technical form but must clearly indicate what is intended.)

2. If the state is of the opinion that the errors alleged can properly be presented on appeal without a transcript of all the testimony,
   a. it may make a showing of what portion of the transcript will be adequate, or
   b. if it believes that a narrative statement will be adequate, it must show that such a statement is or will be available to the defendant.

3. The trial court in disposing of an indigent's motion for a statement of facts at county expense shall enter findings of fact upon the following matters:
   a. The defendant's indigency
   b. Which of the errors, if any, are frivolous and the reasons why they are frivolous[5]

---

[3]Where court-appointed counsel has represented the defendant at the trial, his services should be made available to the defendant for the purpose of presenting the motion.

[4]See *State v. James*, 252 Minn. 243, 89 N. W. (2d) 904, 906.

[5]For an example, see Judge Roney's letter in *In re Grady v. Schneckloth*, 51 Wn. (2d) 1, 8; 314 P. (2d) 930.

c. Whether a narrative form of statement of facts will be adequate to present the claimed errors for review and will be available to the defendant; and, if not

d. What portion of the stenographic transcript will be necessary to effectuate the indigent's appeal.

■ 4. The trial court's disposition of the motion shall be by definitive order.

To facilitate an indigent defendant's appeal, Rule 34, General Rules of the Superior Courts, 52 Wn. (2d) lxi, effective January 12, 1959; RCW Vol. 0, provides:

"Whenever a trial judge, in the exercise of his discretion, authorizes the expenditure of county funds on behalf of an indigent defendant to perfect a review by the Supreme Court, he shall, at the same time, appoint a member of the bar of this state to represent said defendant on said review, unless the defendant is represented other than *pro se.*"

■ If the indigent defendant shall feel aggrieved by the order of the court, he shall, by serving a petition in accordance with the provisions of Rule 57, Rules on Appeal, 34A Wn. (2d) 61, as amended, effective January 12, 1959, RCW Vol. 0, be entitled to have the order reviewed by certiorari. The furnishing of a bond will not be necessary.

■ Immediately upon the filing of the petition, without expense to the defendant either in the trial court or the supreme court, a stenographic report of the hearing and a transcript of all of the proceedings relative to the indigent defendant's motion for a statement of facts shall be transmitted to the clerk of the supreme court.

■ The state in this case, as in the *Eskridge* case, *supra,* does not deny that the petitioner, in asking for a statement of facts, alleged that substantial errors occurred in the trial which required a review of the trial proceedings, nor does it argue that those errors can be adequately reviewed without a record of the transcript of the reporter's notes. This being the case, under the law as defined by the United States Supreme Court, the petitioner was denied a substantial right when his request was refused.

Accordingly, the order of this court denying the petition is vacated. The appeal of the petitioner is reinstated and a remittitur shall issue to the trial court directing that the petitioner be permitted to file a new motion for a statement of facts according to the rules herein expressed; and the trial court shall exercise its own discretion in determining the disposition of this matter. The time for perfecting the appeal shall run from the date of such order. It is so ordered.

ALL CONCUR.

