[No. 35765. Department One. May 2, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID LEE
LARSON, *Appellant*.*

*Robert H. Peterson*, for appellant.

*John G. McCutcheon* and *Donald F. Herron*, for respondent.

HUNTER, J.—The defendant was charged with the crime of attempted burglary by an amended information filed in the Superior Court for Pierce County. After a jury trial, a verdict was returned on April 6, 1960, finding the defend-

* Reported in 381 P. (2d) 120.

ant guilty as charged. A supplemental information was thereafter filed on April 28, 1960, charging the defendant with being an habitual criminal. He was tried on the habitual criminal charge before a jury which, on September 22, 1960, returned a verdict of guilty. After a motion for a new trial on both the attempted burglary and habitual criminal convictons was denied, judgment was entered upon the jury verdicts and the defendant was sentenced to life imprisonment. The defendant has appealed from both convictions.

The defendant is indigent. To represent the defendant on this appeal, the court originally appointed Roderick D. Dimoff, who was not the defendant's trial counsel but was an office associate of the trial counsel. Mr. Dimoff made application for a free statement of facts in both the attempted burglary conviction and the habitual criminal conviction under the rule of *In re Woods v. Rhay*, 54 Wn. (2d) 36, 338 P. (2d) 332 (1959). The trial court granted a verbatim statement of facts. However, it was later determined that the court reporter's notes of the court proceedings in the attempted burglary trial had been lost and that a verbatim statement of facts could not be furnished. By that time, Mr. Dimoff had withdrawn as counsel for the defendant and Robert H. Peterson, the present defense counsel, had been appointed to represent the defendant on this appeal.

The state moved the trial court to furnish the defendant with a narrative statement of facts of the attempted burglary trial consisting solely of the trial court's notes. The defendant's counsel contended he was unable intelligently to test the sufficiency of this narrative statement of facts since he did not participate in the trial, and he could not properly represent the defendant on this appeal since it was impossible for him to assign adequate errors without the verbatim record of the trial court proceedings.

The trial court tested the adequacy of the record on the basis of the alleged errors filed by the defendant's prior

counsel, Mr. Dimoff, at the time the original application was made and certified that the narrative statement provided an adequate record under the rule set forth in the *Woods* case, *supra*.

The defendant's chief assignment of error on this appeal is directed to the denial of due process by a review on appeal stemming from the inadequacy of the record before this court.

■ Contemporaneous with the hearing on this appeal, the Supreme Court of the United States announced its decision in the case of *Draper v. Washington,* 372 U. S. 487, 9 L. Ed. (2d) 899, 83 S. Ct. 774 (1963). In that case [58 Wn. (2d) 830, 365 P. (2d) 31 (1961)] the alleged errors asserted in the application for a free statement of facts under the rule of the *Woods* case, *supra,* were held to be frivolous by the trial court and the request was denied. We affirmed the trial court. The United States Supreme Court held that the defendant was entitled to a "record of sufficient completeness" to determine, on appellate review, whether the asserted errors were frivolous, stating:

" . . . In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.

" . . .

" . . . What was impermissible was the total denial to petitioners of any means of getting adequate review on the merits in the State Supreme Court, when no such clog on the process of getting contentions before the State Supreme Court attends the appeals of defendants with money."

Relative to the discussion of *Coppedge v. United States,* 369 U. S. 438, 446, 8 L. Ed. (2d) 21, 82 S. Ct. 917 (1962), cited in the opinion, the court stated:

" . . . Here, similarly, the Washington Supreme Court could not deny petitioners' request for review of the denial

of the transcript motion without first granting them a *'record of sufficient completeness'* to permit proper consideration of their claims. . . ." (Italics ours.)

The court concluded,

". . . We hold today that the conclusion of the trial judge that an indigent's appeal is frivolous is a similarly inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a *sufficiently complete record* of the trial proceedings themselves." (Italics ours.)

Under the rule of the *Draper* case, we must have a *"record of sufficient completeness"* for a review of the errors raised by the defendant in a criminal case.

 Since counsel representing the defendant on appeal did not represent the defendant at the trial, he was unable to determine satisfactorily what errors to assign for the purpose of obtaining an adequate review on appeal. Also, in regard to the errors that had been assigned, he was unable to test the *"sufficiency of completeness"* of the narrative statement of facts for an adequate review by this court.

 We therefore hold that a verbatim record of the trial court proceedings must be furnished the defendant in the attempted burglary case in the event the reporter's notes are found within 30 days from the date the remittitur goes down in this case. Otherwise, the judgment entered on the verdict shall be reversed and the defendant granted a new trial. Should a new trial be granted in the attempted burglary case, as herein provided, the judgment entered on the verdict in the habitual criminal case shall also be reversed and a new trial likewise granted in that case.

The cause is remanded with directions to proceed as provided in this opinion.

ROSELLINI, J., and DAWSON, J., Pro Tem, concur.

HILL, J. (concurring in the result)—I concur in the result. It should be made clear that the court reporter's notes have

been lost[1] and, consequently, the wealthiest defendant in the state could not procure a verbatim statement of facts. We are, therefore, not concerned with any handicap because of indigency, but only with the issue of whether the narrative statement of facts, which can be furnished, is adequate for the presentation of the appeal.

Like counsel for the appellant on this appeal, who was not present at the trial, I cannot say that the narrative statement of facts is adequate for the purposes of this appeal. Trial counsel for the appellant, who better than anyone else could have assisted present counsel and the trial court in the preparation of a narrative statement of facts adequate for the appeal, did not participate in that procedure. (This case points up the proposition that trial counsel should never be permitted to withdraw until a statement of facts has been prepared even though new counsel may be secured or appointed to conduct the appeal.)

While the majority seem to have taken the only course available under the circumstances, I am satisfied that in most cases with the resources available to the trial court an adequate narrative statement of facts can be prepared. We said in *Glaser v. Holdorf* (1958), 53 Wn. (2d) 92, 94, 330 P. (2d) 1066:

"... When necessary, the court may call to its aid the litigants or even subpoena third parties to elicit necessary information in order that the statement of facts may be corrected. ..."

I would construe "third parties" to include attorneys, witnesses, jurors, court attaches, or anyone present during the trial.

OTT, C. J., concurs with HILL, J.

---

[1]The court reporter's statement is: "Upon search of my files for the stenograph notes of said trial, I have been unable to find them; ... I have searched every conceivable place that I felt I might find them, but ... I have not been able to find them."

This kind of situation would be obviated if court reporters would comply with RCW 2.32.200 which requires that such "notes shall be filed in the office of the clerk of the superior court where such trial is had." They are not the private property of the reporter who takes them.