[No. 37357.   Department Two.   March 25, 1965.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH JOHN KELLER et al., *Appellants.**

*Reported in 400 P. (2d) 370.

*Halverson, Applegate, McDonald & Weeks,* for appellants.

*Lincoln E. Shropshire, Wiley G. Hurst,* and *Walter B. Dauber,* for respondent.

WEAVER, J.—Defendants appeal from their conviction of second degree burglary. Appellate counsel did not try the case.

In recent months we have reviewed the records of other criminal appeals of defendants represented by court-appointed counsel. We note, with increasing concern, that it seems to be standard procedure for the accused to quarrel with court-appointed counsel, or to develop an undertone of studied antagonism and claimed distrust, or to be reluctant to aid or cooperate in preparation of a defense. This appears to be done in order to argue on appeal that the accused was deprived of due process alleging he was represented by incompetent counsel.

The instant case is no exception to the general pattern we see developing. As was their right (*State v. Mode,* 55 Wn. (2d) 706, 710, 349 P. (2d) 727 (1960)), defendants supplemented the efforts of their appellate counsel by filing a reply brief in which they ". . . take the position of being represented [in the trial court] by an incompetent attorney." Again they ". . . attack the qualifications of this attorney to practice law before a bar of justice."

The record belies these accusations. In oral argument before this court, defendants' appellate counsel stated that their trial counsel

". . . has probably tried more burglary cases as defense counsel than anyone in Yakima county."

Further, the trial judge said:

". . . this attorney is a long-standing attorney, and he is a good attorney. He has a fine standing in the Bar, and he is a good, competent attorney and will do his best to represent you."

In *State v. Mode,* 57 Wn. (2d) 829, 360 P. (2d) 159 (1961), this court said:

". . . It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one

charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted."

The trial of the instant case falls far short of meeting this test; appellants were represented in their trial in the best tradition of our profession.

█ Defendants were tried 68 days after the information was filed. The morning of trial defendants moved to dismiss upon the ground that the state had failed to bring the case on for trial within 60 days as required by RCW 10.46.010. When trial has begun, or is about to take place, it is then too late to move for dismissal. *State v. Gilcrease*, 63 Wn. (2d) 731, 388 P. (2d) 962 (1964); *State v. Davis*, 129 Wash. 523, 225 Pac. 225 (1924); *State v. Alexander*, 65 Wash. 488, 118 Pac. 645 (1911).

The next assignment of error appears to be an afterthought of defendants. By agreement of counsel, arguments to the jury were not reported. Appellate counsel now assigns error to six alleged prejudicial statements made by the prosecuting attorney in his closing argument. Appellate counsel admits in his brief that he has no knowledge of whether the statements were made. The prosecuting attorney denies having made any of the alleged statements.

March 15, 1963, defendants appeared before the trial court on their motion to appeal in forma pauperis. At that time defendants filed a handwritten document entitled "Assignments of Error." No reference is made therein to the failure to report oral argument. The trial court determined the appeal to be frivolous and denied the request for a statement of facts at county expense.

After this court had reinstated defendants' appeal, the county provided defendants with a free statement of facts. Before its certification, defendants moved to amend the proposed statement in a number of particulars. One claimed omission was the absence of a record of a *conversation* between the trial judge and one of the defendants allegedly occurring not at the trial, but at the hearing on defendants' motion to appeal in forma pauperis.

The alleged conversation pertained to ". . . your affiant's questioning of the court regarding the reasons for not recording the closing argument." Again, in this motion, defendants did not object to the failure to include oral argument of counsel in the proposed statement of facts, nor did they refer to the statements which they now accuse the prosecuting attorney of making in his closing argument. No attempt was made to remedy the claimed deficiency by narrative statement or otherwise. (See concurring opinion in *State v. Larson*, 62 Wn. (2d) 64, 67, 381 P. (2d) 120 (1963)).

We note another discrepancy. In the reply brief written by defendants, they were careful to omit the claimed prejudicial statements allegedly made by the prosecuting attorney in his closing argument. The thrust of their argument is that the omission of oral argument from the record deprives them of an effective appeal. The record does not support this contention.

■ The statement of facts as certified by the trial judge states:

"During argument of counsel there were no objections by either counsel to argument made by opposing counsel."

This brings into play the rule announced in *State v. Johnson*, 60 Wn. (2d) 21, 30, 371 P. (2d) 611 (1962), wherein the court said:

"Improper argument cannot be urged as error unless the aggrieved party requested the trial court to correct it, by instructing the jury to disregard it, and claimed error for the court's refusal to do so. . . ."

Since defendants made no objection to the prosecuting attorney's oral argument, its omission from the record is not prejudicial. We find defendants' second assignment of error without merit.

Finally, defendants contend that the trial court erred when it did not retain court-appointed trial counsel until defendants' right to appeal had been perfected and the statement of facts certified.

■ This court has, on at least two occasions, indicated that trial counsel should be so retained or available, even

though other counsel is to prosecute the appeal. *In re Woods v. Rhay*, 54 Wn. (2d) 36, note 3, 338 P. (2d) 332 (1959); *State v. Larson, supra*, concurring opinion. Although this is unquestionably the better practice, we have never held that failure to follow this procedure constitutes reversible error, nor do we believe that the facts of the instant case warrant the adoption of the rule.

The judgment is affirmed.

DONWORTH, FINLEY, OTT, and HAMILTON, JJ., concur.