[No. 14144-9-I.   Division One.   May 1, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT S. MILLER, *Appellant.*

*James E. Lobsenz* of *Washington Appellate Defender Association,* for appellant.

*Seth Dawson, Prosecuting Attorney,* and *Michael Magee* and *S. Aaron Fine, Deputies,* for respondent.

RINGOLD, J.—The defendant, Albert Miller, appeals his convictions of second degree robbery and first degree theft. Miller argues that the jury instruction defining "accomplice" was insufficient, that the lack of any record of the trial court's response to a jury inquiry deprives him of his right to appellate review, and that the trial court erred by not correcting a misunderstanding revealed by a jury inquiry. We affirm.

Chris Backman and Richard Torrey were walking along a street one evening when Keith Salter, Mike Laabs, and Albert Miller drove by in a car. Miller testified that either Backman or Torrey yelled "Hey, nigger" at the car (Salter is black). Both Backman and Torrey denied making the

remark.

Laabs left the car and challenged Backman and Torrey to fight. After Salter and Miller got out of the car, Backman and Torrey fled and were followed by Miller and his two friends. During the chase, Backman and Torrey split up. Eventually, Salter and Miller overtook Backman, while Laabs chased Torrey.

According to Backman, after Miller threw him to the ground, both Salter and Miller kicked him and asked him for money. Miller denies striking Backman or asking for any money; he testified that Backman offered Salter money to stop Salter from hitting him. Backman handed Salter some money and his car keys. After giving the car keys back to Backman, Salter and Miller left.

Later the same night Miller and his two friends saw Richard Thorp walking along the street and decided to harass him. Thorp testified that three men stopped him and took his wallet. Miller testified that, unknown to him, Salter took Thorp's wallet. After returning to the car, Salter gave Laabs the money from the wallet and threw the wallet out of the car.

Miller was charged with second degree robbery and first degree theft. The case was tried to a jury on October 17–19, 1983. Defense counsel submitted 12 instructions defining "accomplice". The trial court rejected these and submitted an instruction to which the defendant took exception. Miller was convicted as charged.

ACCOMPLICE INSTRUCTION

Miller challenges the following jury instruction:

A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.

A person is an accomplice in the commission of a crime, if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or

committing the crime.

The word "aid" means all assistance whether given by words, acts, encouragement, or support. A person who is present at the scene and is ready and willing to assist by his or her presence is aiding in the commission of the crime.

Miller contends this instruction, as it relates to the robbery charge, is insufficient where there is more than one possible crime. He argues that the instruction simply refers to the defendant's willingness to assist in the commission of "the crime", without specifying whether "the crime" meant simple assault or robbery.

■ The instructions requested by the defense refer to "the crime" in the same manner as the instruction given to the jury. The doctrine of invited error precludes the defendant from challenging language in an instruction that is also contained in instructions the defendant requested. *See State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979).

### THE JURY INQUIRY

The jury retired for deliberations on the afternoon of the second day of trial. The following day the jury sent a note to the judge inquiring, "Does the acceptance of nonsolicited money offered to prevent real or imagined injury constitute robbery?" Nothing in the record indicates what response, if any, was made by the trial court.

In criminal cases the defendant has a constitutional right to appeal. Const. art. 1, § 22 (amend. 10); *State v. Koloske,* 100 Wn.2d 889, 676 P.2d 456 (1984).[1] Miller argues the trial court's failure to preserve a record of its response to the jury inquiry deprived him of this right.

In some jurisdictions that have a constitutional right to an appeal, the courts have held that a defendant is entitled to a new trial if there is a material defect in the record. *E.g., People v. Rivera,* 39 N.Y.2d 519, 349 N.E.2d 825, 384 N.Y.S.2d 726 (1976); *People v. Audison,* 126 Mich. App.

---

[1]Const. art. 1, § 22 (amend. 10) states in part, "In criminal prosecutions the accused shall have the right . . . to appeal in all cases . . ."

829, 338 N.W.2d 235 (1983); *State v. Ford,* 338 So. 2d 107 (La. 1976). Other jurisdictions afford a similar remedy based upon a statute, court rule, or due process analysis. *E.g., United States v. Brumley,* 560 F.2d 1268 (5th Cir. 1977); *State v. Sanders,* ___ N.C. ___, 321 S.E.2d 836 (1984); *Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971).

Only two cases in Washington have addressed this issue. In *State v. Larson,* 62 Wn.2d 64, 381 P.2d 120 (1963) the court reporter's notes were lost, and the trial court submitted a narrative statement of facts in place of a verbatim transcript. The Supreme Court stated:

> Since counsel representing the defendant on appeal did not represent the defendant at the trial, he was unable to determine satisfactorily what errors to assign for the purpose of obtaining an adequate review on appeal. Also, in regard to the errors that had been assigned, he was unable to test the *"sufficiency of completeness"* of the narrative statement of facts for an adequate review by this court.

*Larson,* at 67. The court then remanded the case to the trial court holding that the defendant was entitled to a new trial unless the reporter's notes were found.[2]

Justice Hill, concurring in *Larson,* commented:

> While the majority seem to have taken the only course available under the circumstances, I am satisfied that in most cases with the resources available to the trial court an adequate narrative statement of facts can be prepared. We said in *Glaser v. Holdorf* (1958), 53 Wn. (2d) 92, 94, 330 P. (2d) 1066:
>
> ". . . When necessary, the court may call to its aid the litigants or even subpoena third parties to elicit necessary information in order that the statement of facts may be corrected. . . ."

I would construe "third parties" to include attorneys, witnesses, jurors, court attaches, or anyone present during the trial.

---

[2]The holding in *State v. Larson,* 62 Wn.2d 64, 381 P.2d 120 (1963) was based on the denial of due process.

*Larson,* at 68.

■ ■ Most jurisdictions hold that the defendant must demonstrate some prejudice from the defect in the record before a new trial is granted. *E.g., United States v. Smart,* 448 F.2d 931 (2d Cir. 1971), *cert. denied,* 405 U.S. 998 (1972); *State v. Johnson,* 358 N.W.2d 127 (Minn. Ct. App. 1984).[3] Additionally, the defendant must cure defects in the record with affidavits of the trial court or counsel if possible. *E.g., People v. Rivera, supra; State v. Johnson, supra.* This approach was taken by Justice Hill concurring in *Larson.*

The Supreme Court later cited the *Larson* concurrence with approval in *State v. Keller,* 65 Wn.2d 907, 400 P.2d 370 (1965). In *Keller* the oral argument at trial had not been recorded, and the defendant claimed this deprived him of an effective appeal. The trial judge certified that no objections had been taken during oral argument. As in *Larson,* the defendant had a new attorney on appeal. Nevertheless, the Supreme Court ruled that the defendant had waived any claimed error and that the omission of the oral argument from the record was not prejudicial.

Miller has a new attorney on appeal, and he claims that the absence from the record of the trial court's response to the jury inquiry prevents him from evaluating the record for appealable error. We are persuaded by Justice Hill's concurrence in *Larson* that the usual remedy for defects in the record should be to supplement the record with appropriate affidavits. The defendant's appellate counsel has made no attempt to provide this court with affidavits of the trial court or counsel. We hold the defendant waived his right to a complete record by not attempting to obtain affidavits from the trial court and counsel concerning the missing portion of the record. *Cf. State v. Keller, supra.*

---

[3] In the Fifth Circuit if the trial counsel and the counsel on appeal are the same, the defendant must show prejudice from the defect in the record; however, if the counsel are different, reversal is automatic. *United States v. Brumley,* 560 F.2d 1268 (5th Cir. 1977).

Additionally, Miller has not demonstrated any prejudice from the absence of a record of the trial court's response. He argues that the trial court probably responded to the jury inquiry by stating "reread the instructions." Miller contends that the proper response required a clarifying instruction.

█ Assuming the facts were as the defendant claims, there would be no prejudice. It is within the sound discretion of the trial judge whether to give further instructions to the jury after it has retired for deliberations. *State v. Studebaker*, 67 Wn.2d 980, 987, 410 P.2d 913 (1966).[4] Even if the jury was confused at the time of the inquiry, this situation could have changed during deliberations. This court has recently held that questions from the jury are not final determinations, and the decision of the jury is contained exclusively in the verdict. *State v. Bockman*, 37 Wn. App. 474, 493, 682 P.2d 925, *review denied*, 102 Wn.2d 1002 (1984).

We affirm the judgment and sentence.

SWANSON, J., concurs.

WILLIAMS, J., concurs in the result.

Reconsideration denied June 3, 1985.

---

[4]CrR 6.15(f)(1) reads, "After retirement for deliberation, if the jury desires to be informed on any point of law, the judge may require the officer having them in charge to conduct them into court. Upon the jury being brought into court, the information requested, if given, shall be given in the presence of, or after notice to the parties or their counsel. Any additional instruction upon any point of law shall be given in writing."