[No. 47448-1-I.  Division One.  March 25, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. NATHANIEL E. TILTON, *Appellant*.

---

David B. Koch (of Nielsen, Broman & Koch, P.L.L.C.), for appellant.

David S. McEachran, Prosecuting Attorney, and Eric J. Richey, Deputy, for respondent.

PER CURIAM — A defendant is constitutionally entitled to a record of "sufficient completeness" for appellate review.[1] In this appeal from a juvenile court conviction for child molestation, Nathaniel Tilton contends the record is constitutionally inadequate because most of his testimony was not recorded and the affidavits submitted to reconstruct his

---

[1] State v. Brown, 132 Wn.2d 529, 592, 940 P.2d 546 (1997).

testimony are inconsistent. He also contends his conviction is not supported by sufficient evidence. Because we conclude that the record is sufficient for review and contains sufficient evidence to support Tilton's conviction, we affirm.

## FACTS

On February 1, 1999, 6-year-old J.L., 15-year-old Nathaniel Tilton, and their 5-year-old sister Jiah spent the night at the home of a family friend, Gretchen Titus. At bedtime, J.L., Jiah, and Titus' daughter Hannah went upstairs to sleep on the floor of Hannah's bedroom. Jiah did not want to sleep and became upset, screaming, "I want Nate." Gretchen asked Tilton, who was in the basement, to help Jiah calm down and go to sleep. Tilton took Jiah upstairs and lay down on a mat between Jiah and J.L.

Titus' daughter Heidi was awake in a room next to Hannah's. She heard J.L. whining and went to see what was wrong. J.L. told her that "Nate was playing with his privates." Heidi told J.L. to go tell her mom.

Gretchen Titus testified that J.L. came downstairs and said, "Nate keeps touching my private parts and he won't . . . stop. He is sleeping and I can't wake him up and make him stop." Gretchen went to Hannah's room and Tilton "lifted his head up immediately and scooted back on the mat a little bit."

J.L. testified that he was trying to sleep when "Nate put his hands on my penis." J.L. said he was wearing a pair of sweat pants inside a pair of "nightie pants." Nate's hand was inside the outer pants but outside the sweatpants.

When asked to describe how Nate touched him, J.L. said "wiggly kind of" and demonstrated with his hand. J.L. tried to get Nate's hand off his penis but could not stop him. When asked how long the touching lasted, J.L. said, "I forget." The prosecutor then asked if it seemed like a long time, and J.L. said, "Uh Huh." J.L. testified that he thought Tilton was asleep because his eyes were closed.

Tilton testified that he fell asleep between Jiah and J.L. The next thing he remembered was Gretchen Titus asking him to come downstairs. He did not know whether he touched J.L. He admitted telling his mother that, "If I did do this, I'm sorry, I don't remember."

The juvenile court found that Tilton was awake during the touching. In its oral decision, the court stated that, "grabbing his penis and then not letting go . . . . That to me can only be the act of a conscious person."[2] The court concluded that the touching constituted "sexual contact" as defined in RCW 9A.44.010(2)[3] and that Tilton was guilty of the charge involving J.L. The court acquitted Tilton of a separate charge of child molestation involving a different victim on a different date.[4]

Shortly after trial, the parties discovered that most of Tilton's testimony, including all of his direct examination and a total of 36 minutes of testimony, had not been recorded. The State moved to reconstruct the record. Judge Steven Mura ordered the prosecutor, defense counsel, and the trial court (Commissioner Alfred Heydrich) to submit affidavits regarding their recollection of Tilton's testimony. Judge Mura reviewed the affidavits and found "no conflicts of consequence in the affidavits to the determining issues in this trial." He concluded that Tilton "was not prejudiced by his testimony not being recorded" and declared that "the affidavits are [hereby] adopted as the testimony of Nathaniel Tilton."

---

[2] Report of Proceedings (RP) at 667.

[3] RCW 9A.44.010(2) defines "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."

[4] A third count was dismissed at the close of the State's case.

## DECISION

## I

■■ The constitutional right to appeal in a criminal case includes the right to a "record of sufficient completeness."[5] The record must allow counsel to determine which issues to raise on appeal[6] and permit effective appellate review.[7] The constitution does not, however, guarantee a perfect record on appeal.[8] The absence of a portion of the record is not reversible error unless the defendant can demonstrate prejudice.[9] Tilton contends the failure to record most of his trial testimony is prejudicial in two respects.

First, he contends the record is insufficient for appellate counsel to determine which issues to raise on appeal. He argues that the affidavits are inconsistent and/or unclear regarding his recollection of the incident. The record does not support this claim.

In their affidavits, the trial court, defense counsel, and the prosecutor agreed that Tilton testified he fell asleep next to J.L. The next thing he remembered was Gretchen Titus calling him from downstairs. All three remembered Tilton testifying that he did not know or recall whether he touched J.L.'s genitals. Contrary to Tilton's assertions, the three affidavits are not materially different on this point.

Tilton also argues that the affidavits are inconsistent and/or unclear as to whether he smoked marijuana before he went to Hannah's room. He claims this prejudiced him because "it is impossible . . . to appeal on grounds of inef-

---

[5] *Draper v. Washington*, 372 U.S. 487, 497, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963); *State v. Larson*, 62 Wn.2d 64, 67, 381 P.2d 120 (1963).

[6] *Larson*, 62 Wn.2d at 67.

[7] *State v. Thomas*, 70 Wn. App. 296, 298, 852 P.2d 1130 (1993) (citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)).

[8] *Mayer v. City of Chicago*, 404 U.S. 189, 194, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971); *Draper*, 372 U.S. at 497.

[9] *State v. Miller*, 40 Wn. App. 483, 488, 698 P.2d 1123 (1985).

fective assistance of counsel for failure to raise diminished capacity."[10] Again, there is no material difference between the affidavits. The trial court recalled Tilton testifying that he smoked marijuana before he went to sleep and after he woke up. Consistent with the court's recollection, the prosecutor remembered Tilton testifying that he "smoked marijuana with Gretchen that night" and that he smoked *"more* marijuana with Gretchen"[11] after he woke up. Defense counsel's affidavit said nothing on this point. There is no inconsistency in the affidavits.

In addition, Tilton has not shown prejudice from any inconsistency in the affidavits because he fails to address all the prerequisites for a diminished capacity defense.[12] Absent some showing that diminished capacity was a viable defense, there is no basis for an ineffective assistance claim,[13] and therefore no basis for Tilton's claim of prejudice from the reconstructed record.

Tilton cites *State v. Larson*[14] for the proposition that his appellate counsel is hampered by the reconstructed record because she was not his trial counsel. *Larson* is distinguishable. In that case, the court reporter's notes of the entire trial were lost and the trial judge created a narrative report of proceedings based on his notes. In finding the record constitutionally deficient, the Supreme Court noted that

---

[10] Br. of Appellant at 9.

[11] (Emphasis added.)

[12] A diminished capacity defense requires evidence that the defendant had been drinking or using drugs, and that the drinking or drug use had an effect on his ability to form the requisite mental state. *State v. King*, 24 Wn. App. 495, 501-02, 601 P.2d 982 (1979). Likewise, mere evidence of drug or alcohol use is insufficient to warrant a voluntary intoxication instruction. There must also be " 'substantial evidence of the effects of the alcohol on the defendant's mind or body.' " *State v. Gabryschak*, 83 Wn. App. 249, 253, 921 P.2d 549 (1996) (quoting *Safeco Ins. Co. v. McGrath*, 63 Wn. App. 170, 179, 817 P.2d 861 (1991)).

[13] To demonstrate ineffective assistance, a defendant must show deficient performance and prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). There is a strong presumption that trial counsel's performance was adequate, and ineffective assistance will not be found where trial counsel's conduct can be characterized as legitimate trial strategy or tactics. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

[14] 62 Wn.2d 64, 381 P.2d 120 (1963).

appellate counsel did not represent Larson at trial and was therefore unable to test the sufficiency of the record or determine what errors to assign.[15] Unlike the record in *Larson*, the record in this case is substantially intact. There are nearly 800 pages of trial transcripts. The missing portion of Tilton's testimony is reconstructed with three affidavits, two of which are fairly detailed. *Larson* is thus inapposite.

■ ■ Second, Tilton contends the record is insufficient for this court to conduct meaningful review. He argues that it is impossible, on this record, to determine whether there was sufficient evidence to support the verdict. We disagree.

In determining whether a conviction is supported by sufficient evidence, we review the evidence in a light most favorable to the State. The focus is thus on the State's evidence, not the defendant's. In this case, all of the State's evidence was recorded and transcribed. The transcripts encompass all of the evidence relied on by the trial court in its findings. Furthermore, Tilton's testimony was adequately reconstructed by detailed affidavits, and a more complete record of his testimony would not enhance this court's review. The case turned on whether the court believed Tilton's claim that he was asleep. Because the court did not believe that testimony, and because credibility determinations are not reviewable by this court,[16] a more complete record of Tilton's testimony is unnecessary for effective review.

In short, we conclude that the reconstructed record is constitutionally sufficient for review.

## II

Tilton argues in the alternative that the evidence was insufficient to show that he touched the victim for sexual gratification. Again, we disagree.

---

[15] *Larson*, 62 Wn.2d at 67.

[16] *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

■ Sexual contact, an element of first degree child molestation, is defined as a touching "done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2). A showing of sexual gratification is required "because without that showing the touching may be inadvertent."[17] A court can infer sexual gratification from the nature and circumstances of the act itself.[18] That is precisely what the trial court did in this case.[19] Tilton's fondling of J.L.'s penis and his persistence despite J.L.'s attempts to stop him support an inference that the touching was done for sexual gratification.[20]

Affirmed.

Reconsideration denied April 25, 2002.

Review granted at 147 Wn.2d 1007 (2002).

---

[17] *State v. T.E.H.*, 91 Wn. App. 908, 916, 960 P.2d 441 (1998).

[18] *See T.E.H.*, 91 Wn. App. at 916-17.

[19] RP at 735-37.

[20] *See T.E.H.*, 91 Wn. App. at 916-17 (court could infer sexual gratification where juvenile forced victim to disrobe, molested him with his hands, and continued when told to stop).