IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| TAMARA SPENCE, | ) | No. 81996-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WENDY WALSH and "JOHN DOE" | ) | |
| WALSH, individually and the marital | ) | |
| community comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

HAZELRIGG, J. — Tamara Spence appeals the summary judgment dismissal of her personal injury negligence action. Summary judgment was proper because Spence failed to submit any competent evidence of causation. We affirm.

FACTS

On September 2, 2016, Tamara Spence stopped at a traffic light in Lynnwood and was rear-ended by a vehicle driven by Wendy Walsh. Nearly two years later, Spence sued Walsh for negligence. She claimed that the collision caused her to suffer numerous personal injuries, including "headaches and memory loss," "severe neck and back pain with urinary incontinence," right knee pain, "[n]eurological [a]mnesia forgetfulness," severe "hearing/tinnitus, brain issues," anxiety, sleep issues, and other disabilities.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

Walsh sent Spence interrogatories and requests for production in September 2018, January 2019, and March 2020. By May 2020, Spence had responded to very little discovery, so Walsh moved for an order compelling Spence to do so. Walsh also requested that Spence's complaint be dismissed under CR 37(b)(2)(C) should Spence fail to comply with the order to compel. The trial court denied Walsh's motion to compel.

Since filing the complaint, Spence had been represented by three different attorneys, all of whom had eventually withdrawn. In July 2020, Walsh moved for summary judgment arguing that Spence could not prove the causation element of her negligence claim. Spence asked for a 75-day continuance so that she could have "an opportunity to obtain counsel and get the declarations" from her medical providers. In August 2020, the trial court granted Spence a continuance for 30 days. After a September 2020 hearing, the trial court granted Walsh's motion and dismissed Spence's negligence claim.

Spence appeals.[1]

ANALYSIS

We review summary judgment orders de novo, engaging in the same inquiry as the trial court, and consider facts and reasonable inferences in the light most favorable to the nonmoving party. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Because we perform the same analysis, we consider only the evidence and issues raised before the trial court. RAP 9.12; Wash. Fed'n of

---

[1] Spence appeared pro se on summary judgment but maintains this appeal with the assistance of counsel. In Washington, courts "hold pro se parties to the same standards to which [they] hold[ ] attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

State Emps., Council 28 AFL-CIO v. Office of Fin. Mgmt., 121 Wn.2d 152, 157, 849 P.2d 1201 (1993).

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); Jones, 146 Wn.2d at 300–01. "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

The moving party bears the initial burden to show the absence of an issue of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A moving defendant may meet this burden by showing that the plaintiff lacks sufficient evidence to establish an essential element of the plaintiff's case. Id. If the plaintiff fails to show sufficient evidence to establish the existence of an element essential to the plaintiff's case, summary judgment is appropriate. Id. In opposing summary judgment, the plaintiff "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or in having its affidavits considered at face value." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986); Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 625, 818 P.2d 1056 (1991) (specific and admissible evidence is required to defeat summary judgment).

I.    Sufficiency of the Record

As an initial matter, Spence claims that the record is insufficient for appellate review. She says we cannot review the basis for the trial court's decision to grant summary judgment because the hearings were not transcribed or recorded. We reject this claim for two reasons.

First, Spence points to no authority suggesting that trial courts must automatically record summary judgment hearings. She points to State v. Larson, 62 Wn.2d 64, 66–67, 381 P.2d 120 (1963), a case recognizing that a criminal defendant is constitutionally entitled to a record of sufficient completeness for appellate review of potential errors. Spence is not a criminal defendant in this matter, so Larson is readily distinguishable and not remotely applicable. Second, because our review is de novo, the trial court's "[f]indings of fact and conclusions of law are not necessary on summary judgment, and, if made, are superfluous." Concerned Coupeville Citizens v. Town of Coupeville, 62 Wn. App. 408, 413, 814 P.2d 243 (1991).

Accordingly, Spence has failed to demonstrate that the record is defective or impedes our review.

II.    Discovery Sanction

Spence contends that the trial court erred by dismissing her case as a discovery sanction. The record does not support this contention.

Walsh, in her motion to compel, asked the trial court to dismiss Spence's case pursuant to CR 37(b)(2)(C) if Spence failed to comply with the court's order.[2] But that motion was denied. The trial court did not enter an order to compel, so no grounds existed to sanction Spence for disobeying a discovery order. Nor did Walsh move for summary judgment on CR 37(b)(2) grounds. Instead, Walsh argued that summary dismissal was appropriate pursuant to CR 56(c) because Spence "failed to provide any evidence showing that the 2016 accident more likely than not caused the injuries for which [she] seeks damages," "failed to produce any competent testimony or other evidence suggesting a causal relationship between the event and her injuries," and "there are no genuine issue of material fact in dispute."

Because nothing in the record suggests that the trial court dismissed this case as a CR 37(b)(2) sanction, Spence's claim fails.

III.     Summary Judgment

Finally, Spence argues that the trial court erred in granting summary judgment because material issues of fact existed as to causation. We disagree.

---

[2] Where a party fails to comply with a discovery order, a court in which the action is pending may make such orders in regard to the failure as are just, and among others . . . [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

CR 37(b)(2)(C). However, where a trial court dismisses an action for violation of discovery orders, "it must be apparent from the record that (1) the party's refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed." Rivers v. Wash. State. Conf. of Mason Contractors, 145 Wn.2d 674, 686, 41 P.3d 1175 (2002); Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).

Proximate cause of injury is a required element that plaintiffs must prove to prevail on a negligence claim.[3]  Hoffstatter v. City of Seattle, 105 Wn. App. 596, 599, 20 P.3d 1003 (2001).  "A proximate cause is one that in natural and continuous sequence, unbroken by an independent cause, produces the injury complained of and without which the ultimate injury would not have occurred." Attwood v. Albertson's Food Ctrs., Inc., 92 Wn. App. 326, 330, 966 P.2d 351 (1998).  "Expert testimony is required to establish causation when an injury involves obscure medical factors that would require an ordinary lay person to speculate or conjecture in making a finding."  Bruns v. PACCAR, Inc., 77 Wn. App. 201, 214, 890 P.2d 469 (1995) (citing Riggins v. Bechtel Power Corp., 44 Wn. App. 244, 254, 722 P.2d 819 (1986)).

Here, proof of causation turned on the possible causes of Spence's alleged (1) headaches, (2) memory loss, (3) severe neck and back pain, (4) urinary incontinence, (5) knee pain, (6) neurological amnesia, (7) tinnitus, (8) sleep issues, (9) anxiety, (10) unspecified brain issues, and (11) unidentified disabilities.  This combination of injuries presents complex questions that laypersons would not be able to answer without medical training.  Thus, expert medical testimony was necessary to show that the September 2016 rear-end collision more probably than not caused Spence's injuries.  Id. at 214–15 (requiring expert testimony to meet the "more probable than not" standard).[4]  The record contains no such testimony.

---

[3] The remaining elements of Spence's negligence claim are uncontested.

[4] "Less certain evidence, such as may, might, could or possibly, does not provide enough guidance to the jury to remove the decision[-]making process from speculation and conjecture." Bruns, 77 Wn. App. at 215 (citing O'Donoghue v. Riggs, 73 Wn.2d 814, 824, 440 P.2d 823 (1968) and Miller v. Staton, 58 Wn.2d 879, 886, 365 P.2d 333 (1961)).

Spence submitted three documents to oppose summary judgment. One document was a September 11, 2020 email from Michael W. Chan, DC that stated "I am in the process of writing in the report and will get it to you shortly." This was evidence of nothing relevant to causation. A second document, a letter signed by Dr. Robinson, DC in August 2018, stated: "Tamara has been treating at Cedar River Chiropractic from April 14th, 2017 to present. The treatment is related to injuries sustained in a motor vehicle accident. At times her symptoms were so severe that she had a difficult time completing activities of daily living." Dr. Robinson's letter was insufficient evidence of causation because he did not identify any of Spence's injuries and failed to declare that the September 2016 accident caused her injuries.

The last document, an August 2020 letter authored by Dr. Ash Patel of Proliance Orthopaedics and Sports Medicine, reported in pertinent part that "Ms. Spence has back and bilateral lower extremity pain that started after a car accident in September 2016." Though Dr. Patel indicates Spence's pain "started after a car accident," the doctor did not say that the accident on a more probable than not basis caused Spence's injuries. Dr. Patel's statement did not provide sufficient guidance to remove the issue of causation from the realm of speculation and conjecture. Bruns, 77 Wn. App. at 215. Nor does it address the multiple other injuries that Spence is alleging in this action.

Spence did not present a prima facie case of negligence, so the trial court did not err in granting summary judgment for Walsh.

Affirmed.

_____

WE CONCUR:

_____   _____
Mann, C.J.