David TONEY, Appellant,

v.

FAIRBANKS NORTH STAR BOROUGH
SCHOOL DISTRICT, BOARD OF
EDUCATION, Appellee.

No. S–5900.

Supreme Court of Alaska.

Sept. 30, 1994.

Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for appellant.

W.D. Bennett and Krissell Crandall, Perkins Coie, Anchorage, for appellee.

Before MOORE, C.J., and MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MOORE, Chief Justice.

### INTRODUCTION

In March 1992, David Toney was fired from his position as a tenured teacher with the Fairbanks North Star Borough School District (the "District"). The termination was based on evidence establishing that Toney had engaged in a sexual relationship in 1980 with a 15 year old student while Toney was a teacher in Boise, Idaho. Toney appealed his termination to the superior court, which granted summary judgment in favor of the District. The court concluded that Toney's failure to disclose the relationship constituted a material misrepresentation and a breach of the contractual covenant of good faith. The court also found that the relationship itself supported termination under AS 14.20.170(a). We affirm the superior court's grant of summary judgment in favor of the District on the latter ground.

### FACTS AND PROCEEDINGS

In 1980, Toney was employed as a teacher at Capitol High School in Boise, Idaho. In December of that year, he entered into a sexual relationship with a 15 year old student, Traci F. At that time, Toney was in his early thirties. Shortly thereafter, Traci became pregnant with Toney's child. She

then transferred to a school for pregnant teenagers. In November 1981, Traci gave birth and, with the consent of all parties, the child was adopted.

In October 1981, just prior to the birth of the child, Toney and Traci's father entered into a confidential written agreement concerning Traci's medical expenses and other costs relating to the child's birth. In the same document, Toney also agreed to "submit his resignation or take a leave of absence from the faculty of Capitol High School for the second semester of the 1981–82 school year and for the next school year in order to permit Traci to attend Capitol High School and to graduate therefrom." Pursuant to this agreement, Toney resigned from teaching in the Boise School District before the beginning of the 1982 spring semester.

Meanwhile, in the spring of 1981, Toney completed an application for employment with the Fairbanks North Star Borough School District. The application was dated February 3, 1981. However, it was not stamped as received by the District until April 28, 1981.[1] Included in this application were Toney's assertions that he had not been asked to resign for any reason from a teaching position and that he had not been convicted of any offense involving moral turpitude.[2]

In August 1982, Toney was contacted by Bill Rogers, a principal with the District, regarding his application. Toney reaffirmed his interest in a position with the District. Rogers then contacted Don Johnson, the principal of Capitol High School in Boise, who gave Toney a positive recommendation. Mr. Johnson did not reveal that Toney had resigned from Capitol High School at mid-year during the 1981–82 school year.

Toney then came to Fairbanks to interview for a teaching position. During the interview, Toney did not disclose his relationship with Traci, nor did he disclose that he had not been employed as a teacher during the spring semester of the 1981–82 school year. Following the interview, Toney was recommended to fill a position with the District. Following this recommendation, Toney was asked to complete an "affidavit of teaching experience" and a "teacher's personal record" for the District's files. Toney incorrectly indicated on both documents that he held a full-time teaching position with the Boise School District for the entire 1981–82 school year. A non-tenured contract was executed on September 17, 1982.

In 1992, after learning that Toney was teaching in Fairbanks, Traci contacted District personnel and informed them of her prior relationship with Toney. After investigating the allegations, the District terminated Toney by letter dated March 26, 1992. The letter stated that Toney's firing was based on his failure to disclose to the District his relationship with Traci and his resignation pursuant to the agreement with Traci's father. In addition, the letter stated that Toney's conduct supported termination under AS 14.20.170(a)(2)–(3), on the grounds that it constituted "immorality and substantial noncompliance with the school laws of the state, the regulations or bylaws of the Department of Education, the bylaws of the District and the written rules of the superintendent."[3]

Toney appealed his termination to the Borough's Board of Education. The Board upheld the dismissal by a vote of six to one. Toney then appealed to the superior court.

---

1. In its brief, the District suggests that Toney backdated the application to a date on which he could reasonably claim to have been unaware of Traci's pregnancy. In any event, it is clear that the application was completed after the relationship had begun but before Toney and Traci's father entered into their agreement in October 1981.

2. In the spring of 1982, Toney was arrested for his conduct with Traci and charged with engaging in lewd conduct with a minor under sixteen, a felony under Idaho law. However, the complaint was later dismissed based upon the agreement between Toney and Traci's father.

3. AS 14.20.170 provides in relevant part:

   (a) A teacher, including a teacher who has acquired tenure rights, may be dismissed at any time only for the following causes:

   . . . .

   (2) immorality, which is defined as the commission of an act that, under the laws of this state, constitutes a crime involving moral turpitude; or

   (3) substantial noncompliance with the school laws of the state, the regulations or bylaws of the department, the bylaws of the district, or the written rules of the superintendent.

Both parties filed motions for summary judgment. The superior court granted the District's motion in an Opinion and Order dated August 4, 1993. The court held that Toney's failure to reveal the relationship and the circumstances surrounding his resignation constituted misrepresentation and a breach of the contractual duty of good faith. The court further held that Toney's actions supported termination under AS 14.20.170(a)(2)–(3).[4] Toney now appeals.

## DISCUSSION

The facts material to this appeal are undisputed. This appeal involves only pure questions of law, subject to de novo review by this court. In such cases, the court adopts the rule of law that is most persuasive in light of precedent, reason and policy. *Loeb v. Rasmussen*, 822 P.2d 914, 917 (Alaska 1991). In the present case, the superior court concluded that "Toney's actions and conduct establish immorality under AS 14.20.170(a)(2) and are sufficient grounds for his dismissal." We affirm the judgment of the superior court on the same basis.

Under AS 14.20.170(a)(2), a teacher, including a tenured teacher, may be dismissed for "immorality, which is defined as the commission of an act that, under the laws of the state, constitutes a crime involving moral turpitude." A criminal conviction is not necessary to support a teacher's dismissal under this provision. *Kenai Peninsula Borough Bd. of Educ. v. Brown*, 691 P.2d 1034, 1040 (Alaska 1984). In addition, it is well-established that there need not be a separate showing of a nexus between the act or acts of moral turpitude and the teacher's fitness or capacity to perform his duties. *Id.* at 1040–41. As the court in *Brown* stated, "[i]f a teacher cannot abide by these standards his or her fitness as a teacher is necessarily called into question." *Id.* at 1041. Thus, in the present case, so long as the District had sufficient evidence to conclude that Toney committed an act or acts which constituted a crime of moral turpitude, the dismissal is valid, even in the absence of a conviction. *See id.*

Toney acknowledges that he engaged in a sexual relationship with Traci when she was 15 years old and a student of his. This conduct satisfies the elements of the crimes of sexual abuse of a minor in the second and third degree under Alaska law as presently enacted. AS 11.41.436(a)(1) and (a)(5)(B); 11.41.438(a).[5] Toney's conduct also constitutes a crime under Alaska law as it existed in 1981,[6] under present Idaho law,[7] and under Idaho law as it existed in 1981.[8]

Toney does not dispute that his conduct with Traci was criminal, nor does he deny that his actions constituted crimes of moral turpitude. Instead, he argues that the statute authorizing dismissal for such acts does

4. Based on these conclusions, the court declined to address the scope of the resignation clause in the application for employment and the effect of Toney's misstatements in his personnel records regarding the length of his employment in Boise.

5. Under AS 11.41.436(a), a person is guilty of the class B felony of sexual abuse of a minor in the second degree if
    (1) being 16 years of age or older, the offender engages in sexual penetration with a person who is 13, 14, or 15 years of age and at least three years younger than the offender . . .; [or]
    . . . .
    (5) being 18 years of age or older, the offender engages in sexual contact with a person who is under 16 years of age, and
    . . . .
    (B) the offender occupies a position of authority in relation to the victim.
Under AS 11.41.438(a), a person is guilty of the class C felony of sexual abuse of a minor in the third degree if
    (1) being 16 years of age or older, the offender engages in sexual contact with a person who is 13, 14, or 15 years of age and at least three years younger than the offender; or
    (2) being 18 years of age or older, the offender engages in sexual penetration with a person who is 16 or 17 years of age and at least three years younger than the offender, and the offender occupies a position of authority in relation to the victim.

6. *See* AS 11.41.410(a)(4)(A) (sexual assault in the first degree); AS 11.41.440(a)(1) (sexual abuse of a minor).

7. *See* Idaho Code § 18–1508 (lewd conduct with minor or child under 16); Idaho Code § 18–6101 (statutory rape, age of consent: eighteen).

8. *See* Idaho Code § 18–6607 (lewd conduct with minor or child under sixteen).

not reach conduct engaged in before a teacher is hired by a school district.

In addressing this argument, the superior court noted that the language of AS 14.20.-170(a)(2) "does not explicitly or implicitly limit the statute's application to ... acts that occur only while a teacher is under contract with an Alaska school district." The court further found that the legislative history of the statute offered no support for Toney's argument. Finally, the court recognized that Toney's contention is contrary to sound public policy:

> As the Borough points out, the effect of such an interpretation would be contrary to public policy as it would allow an individual who commits an act of moral turpitude, and who successfully conceals his/her behavior from a school board, to be immune from dismissal upon subsequent discovery of the conduct.

Thus, the court concluded that Toney's prehiring conduct "establish[ed] immorality under AS 14.20.170(a)(2) and [was] sufficient grounds for his dismissal."

Toney responds by arguing that, under the analysis of the superior court, a teacher could work for thirty years without incident, yet be summarily dismissed for conduct occurring long before his contract of employment. Under such an interpretation, Toney argues, "remoteness of the act is totally irrelevant. Such a construction would be a violation of due process and clearly against public policy."

With respect to this argument, the reasoning of the court in *Fisher v. Independent School District No. 622*, 357 N.W.2d 152 (Minn.App.1984), is persuasive.

> The fortuitous fact that the school board did not have immediate knowledge of the alleged sexual relationship with the sixteen-year old minor student is not the

Board's fault. There is no showing that the Board unduly delayed in bringing this termination action after it had received knowledge of the alleged occurrence. *By virtue of the nature of the offense—sexual intercourse with a minor student of the district—it may be considered doubtful whether such conduct could ever be too remote in time.*

*Id.* at 156 (quoting *Johnson v. Independent School Dist. No. 294*, No. 12305 (Minn.Dist. Feb. 12, 1980)) (emphasis in original).

Toney offers no argument that he has been unfairly prejudiced by the delay between the conduct in question and his dismissal. Indeed, in light of his admission that the conduct occurred, such an argument would be untenable. In addition, there is no suggestion that the District failed to act promptly upon its receipt of incriminating information regarding Toney. Finally, as the *Fisher* court noted, it is questionable whether conduct such as that engaged in by Toney could ever be too remote to support a teacher's dismissal.

Toney's sole argument is that AS 14.20.-170(a)(2) does not provide for the dismissal of a tenured teacher on the grounds of conduct occurring prior to the teacher's hiring. This argument is nonsensical. Nothing in the language of the statute or its legislative history suggests that such a limited interpretation is appropriate. In addition, as the superior court noted, such a construction would conflict with public policy, since it would immunize from dismissal a teacher who had engaged in illegal and immoral conduct prior to hiring, but who had successfully concealed such conduct. We therefore affirm the superior court's conclusion that Toney's actions were sufficient to support his dismissal under AS 14.20.170(a)(2).[9]

---

9. Toney also argues that other statutes relating to teacher certification suggest that AS 14.20.-170(a)(2) cannot be.interpreted to apply to conduct occurring prior to his employment with the District. In particular, Toney analogizes to AS 14.20.030, which sets forth the grounds under which the Professional Teaching Commission may revoke or suspend a teaching certificate. The language of the statute exactly tracks the language used in AS 14.20.170(a)(2) and provides for the suspension or revocation of a certificate for "immorality, which is defined as the commission of an act which, under the laws of the state, constitutes a crime involving moral turpitude." Toney offers no support whatsoever for his assertion that "[i]t is abundantly clear that once a certificate is validly issued it can be suspended for reasons only that occur *after* its issuance and not before." For the same reasons discussed above, Toney's argument must fail.

CONCLUSION

Toney's criminal sexual relationship with a minor student is adequate grounds for his dismissal under AS 14.20.170(a)(2). The superior court's opinion and order upholding Toney's dismissal is therefore AFFIRMED.[10]

RABINOWITZ, J., not participating.

---

10. Based on this conclusion, we need not address the District's alternative argument that Toney's dismissal is supported under AS 14.20.-170(a)(3), which provides for dismissal for "substantial noncompliance with the school laws of the state, the regulations or bylaws of the department, the bylaws of the district, or the written rules of the superintendent." Nor need we address the contention that Toney's failure to inform the District of his relationship with Traci during the application process constituted a material misrepresentation and a breach of the duty of good faith and fair dealing.