[No. 15778-4-III.    Division Three.    July 22, 1997.]

SHAWN WRIGHT, *Appellant*, v. MEAD SCHOOL DISTRICT
No. 354, *Respondent*.

*Mary E. Schultz* and *Mary E. Schultz & Associates, P.S.*, for appellant.

*Valerie L. Hughes* and *Perkins Coie*, for respondent.

THOMPSON, J. — The Mead School District employed Shawn Wright as a junior high school music teacher from 1988 to 1994. In 1993, Mead learned that a complaint had been filed against Mr. Wright with the Superintendent of Public Instruction, alleging inappropriate conduct by Mr. Wright when he was a teacher in the Spokane School District. Based on an investigation into the allegations, Mead terminated Mr. Wright. Mr. Wright requested a hearing to determine if there was sufficient cause for discharge. A hearing officer determined there was sufficient cause and the superior court upheld that decision. Mr. Wright appeals. We affirm.

In 1988, Mead hired Mr. Wright as a junior high school music teacher. In 1993, the Superintendent of Public Instruction informed Mead that a complaint had been filed alleging that Mr. Wright had engaged in a sexual relationship from 1984 to 1987 with L.B., while she was a student at Lewis and Clark High School. Mead suspended Mr. Wright with pay pending an investigation.

In 1983, Mr. Wright developed a friendship with L.B. He engaged in sexually suggestive conversations with her while she was a student. He also gave her backrubs and handrubs. They developed a secret language so that Mr. Wright would not get into trouble. Eventually Mr. Wright kissed L.B. The sexual contact increased to touching, oral sex, and eventually intercourse. Mr. Wright also wrote explicit notes and letters to L.B. L.B. ended the relationship when she left for college in 1987.

In 1982, Mr. Wright had developed a friendship with S.A. S.A. and a friend would often visit Mr. Wright at his home. Mr. Wright engaged in sexually explicit conversations with S.A., took her to dinner and told her he had strong feelings for her. While on a school trip, Mr. Wright danced with her and let his hands wander around her body. On another trip, he offered her a whiskey and coke. He then kissed her. S.A. stopped Mr. Wright and told him what they were doing was wrong.

Additionally the investigation revealed that Mr. Wright consumed alcohol in front of students while on school-sponsored trips and allowed students to drink in his motel room.

On June 30, 1994, Mead Superintendent William Mester determined there was probable cause to terminate Mr. Wright. Mr. Mester had a written notice delivered to Mr. Wright informing him of the discharge. The notice listed as independent reasons for the discharge Mr. Wright's (1) unprofessional, unacceptable, and immoral conduct with L.B.; (2) unprofessional, unacceptable, and immoral conduct with S.A.; and (3) consumption of alcohol at school events and furnishing alcohol to students.

■■■ The relationship between a school district and a teacher is governed by principles of contract law. *Kirk v. Miller*, 83 Wn.2d 777, 781, 522 P.2d 843 (1974). A school district may discharge a teacher only for sufficient cause. RCW 28A.400.300(1).[1] Although the statute fails to define "sufficient cause," the courts have interpreted it to mean conduct which materially and substantially affects the teacher's performance. *Hoagland v. Mount Vernon Sch. Dist. No. 320*, 95 Wn.2d 424, 428, 623 P.2d 1156 (1981). Whether a teacher engaged in misconduct is a question of fact. *Clarke v. Shoreline Sch. Dist. No. 412*, 106 Wn.2d 102, 110, 720 P.2d 793 (1986). Determining whether that conduct constitutes sufficient cause is a question of law. *Id.* An appellate court reviews factual determinations under a clearly erroneous standard, and issues of law de novo. *Id.* at 109. When an appellate court reviews mixed questions of law and fact, it makes a de novo review of the law while giving deference to the hearing officer's factual determinations. *Id.* at 110. Mr. Wright does not contest any of the factual findings made by the hearing officer. This court's sole function is to perform a de novo review to determine if the facts as determined by the hearing officer constitute sufficient cause for Mead to have discharged Mr. Wright.

■■ ■■ In his brief Mr. Wright appears to contend that his due process rights were violated, or at the very least, triggered. There is no inherent constitutional right to public employment. *Williams v. Seattle Sch. Dist. No. 1*, 97 Wn.2d 215, 222, 643 P.2d 426 (1982). Due process requires notice and an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). Mead informed Mr. Wright of his suspension and discharge and clearly explained the conduct on which it based its decision. At his request, he was given a hearing in front of a hearing examiner. Mr. Wright's due process rights were not violated.

---

[1]This statute was recodified by LAWS OF 1990, ch. 33, § 4. The case law usually refers to the former code section numbers.

Based upon the findings of the hearing officer, from 1982 through 1987, Mr. Wright engaged in sexual conduct with two students at Lewis and Clark High School. The issue before this court is whether that conduct provided Mead with sufficient cause to terminate Mr. Wright. In determining whether sufficient cause existed, Mr. Wright argues this court must consider whether (1) Mead discharged him based upon his status; (2) Mr. Wright's conduct was remediable; and (3) Mead could discharge him for conduct which occurred 7 to 10 years prior at a different school district.

## STATUS

An individual's status will not support a discharge. *Hoagland*, 95 Wn.2d at 428. Labeling an individual as a member of an undesirable class will not provide sufficient cause. *Id.* A school district must establish an actual teaching impairment to satisfy the sufficient cause requirement. *Id.* Mr. Wright argues that Mead discharged him because of his "sexual misconduct status." His discharge was not based upon his status. It was based on his inappropriate conduct with students. Mr. Wright's argument that he was discharged due to a status is without merit.

## REMEDIABLE NATURE OF CONDUCT

In 1986, Washington's Supreme Court clarified the test to determine sufficient cause: sufficient cause for discharge exists as a matter of law when the teacher's deficiency is unremediable and (1) materially and substantially affects the teacher's performance, or (2) lacks any positive educational aspect or legitimate professional purpose. *Clarke*, 106 Wn.2d at 113-14. The health, safety and welfare of students is a paramount concern in these cases. *Id.* at 114. A court may look at the following eight factors to determine if a teacher's conduct affects his performance: (1) the age and maturity of the students; (2) the likelihood the conduct adversely affected the students or

other teachers; (3) the degree of the anticipated adversity; (4) the proximity or remoteness of the conduct; (5) the extenuating or aggravating circumstances surrounding the conduct; (6) the likelihood the conduct will be repeated; (7) the motives behind the conduct; and (8) whether the conduct will have a chilling effect on the rights of other teachers. *Id.* at 114 (quoting *Hoagland*, 95 Wn.2d at 429-30). In ruling on the existence of sufficient cause, the court stated "school authorities should refrain from discharging a teacher as a matter of law, except in the most egregious cases, especially where the teaching deficiency is related to a handicapping condition amenable to rehabilitation." *Id.* at 117 (citation omitted).

In *Sauter v. Mount Vernon Sch. Dist. No. 320*, 58 Wn. App. 121, 131, 791 P.2d 549 (1990), the court determined that under *Clarke* the requirement that the deficiency be unremediable applied only to situations where the deficiency affected the teacher's performance. In that case, the court determined that a strict grammatical interpretation of *Clarke* would apply the remediable requirement to both prongs, but that case law indicated in *Clarke* the court intended the remediable requirement apply only to the first portion of the test. *Id. Sauter* held that sufficient cause for discharge existed when the deficiency is unremediable and materially and substantially affected a teacher's performance, or lacked any positive educational or legitimate professional purpose. *Id.*

Though Mr. Wright argues that *Sauter* misinterpreted *Clarke*, we are persuaded *Sauter* is correct. When a teacher's deficiency is deemed remediable, the law requires that the teacher be given an improvement plan and placed on probation. RCW 28A.405.100(1).[2] The statute requiring probation is not applicable in situations where the conduct lacks a positive educational aspect or legitimate professional purpose. *Potter v. Kalama Pub. Sch. Dist. No. 402*, 31 Wn. App. 838, 842, 644 P.2d 1229 (1982).

---

[2]This statute was recodified by LAWS OF 1990, ch. 33, § 4. The case law generally refers to the old section numbers.

Thus, we hold when the conduct in question lacks a positive educational aspect or legitimate professional purpose, the remediable nature of the conduct is not an issue.

■ Mead also argues that sexual misconduct is conduct which cannot be remedied. The discharge of a teacher who struck his students in their genitals was upheld without a warning or probation because the conduct was patently unacceptable. *Mott v. Endicott Sch. Dist. No. 308*, 105 Wn.2d 199, 203-04, 713 P.2d 98 (1986). We have previously held a teacher's contention the district failed to establish its burden that sexually exploitive conduct was not remediable had no merit. *Pryse v. Yakima Sch. Dist. No. 7*, 30 Wn. App. 16, 23-24, 632 P.2d 60, *review denied*, 96 Wn.2d 1011 (1981). Even if remediability was a factor, this court has previously held that sexual misconduct is conduct which cannot be remedied. *Id.*

■ Mr. Wright engaged in sexual conduct with two students. This was conduct which would not have a positive educational aspect or legitimate professional purpose. Using the *Hoagland* factors to determine if sufficient cause existed, the only factors which weigh in Mr. Wright's favor are (1) the remoteness in time, and (2) the possibility of repetition. There are no reports that Mr. Wright has engaged in any sexual conduct with students since he left Lewis and Clark High School. However, using *Clarke, Sauter*, and *Hoagland* as a guide, his conduct served no positive educational aspect or legitimate professional purpose. Mead had sufficient cause to terminate.

REMOTE NATURE OF CONDUCT

■ ■ Mr. Wright's conduct occurred 7 to 10 years prior to his discharge in another school district. He argues Mead cannot terminate him based on this conduct. In *Denton v. South Kitsap Sch. Dist. No. 402*, 10 Wn. App. 69, 72, 516 P.2d 1080 (1973), a relationship between a teacher at one school and a student at another was sufficient cause for a discharge. Courts permit a consideration of prior acts of misconduct extending back a reasonable time when

determining the existence of sufficient cause. *Sargent v. Selah Sch. Dist. No. 119*, 23 Wn. App. 916, 924, 599 P.2d 25, *review denied*, 92 Wn.2d 1038 (1979). However, dissimilar and remote incidents of misconduct should not be considered. *Butler v. Lamont Sch. Dist. No. 246*, 49 Wn. App. 709, 717, 745 P.2d 1308 (1987), *review dismissed*, 112 Wn.2d 1010 (1988). Mead could terminate Mr. Wright for misconduct with a student even if the student did not attend school within its district, and Mead is entitled to consider Mr. Wright's actions which occurred within a reasonable time in the past. The real question is whether Mr. Wright's actions were so remote that Mead could not use them as a basis for termination. Case law does not indicate what is a reasonable time period for districts to consider.

California dealt with the remoteness issue in *Morrison v. State Bd. of Educ.*, 1 Cal. 3d 214, 461 P.2d 375, 392-93, 82 Cal. Rptr. 175 (1969). Mr. Morrison had a homosexual encounter with another adult. 461 P.2d at 377-78. One year after the encounter, it was reported to the school board. *Id.* He then resigned. *Id.* at 378. Three years later the board of education revoked his license. *Id.* The court held that the school board could not consider such remote conduct. *Id.* at 392-93. *Morrison* is not persuasive, however, because the conduct did not involve a student, nor did it occur at school. *Id.*

Alaska permits remote incidents to establish sufficient cause for discharge. *Toney v. Fairbanks N. Star Borough Sch. Dist.*, 881 P.2d 1112, 1115 (Alaska 1994). In that case, the district fired Mr. Toney in 1992, for sexual conduct with a student in 1980, which occurred in Boise, Idaho. *Id.* at 1113. When the district learned of the conduct, it fired him immediately. *Id.* The court upheld the termination, finding the conduct constituted a crime of moral turpitude and satisfied the elements of a crime under both Alaska and Idaho law, all of which were valid reasons to terminate. *Id.* at 1114. Mr. Toney argued the termination was improper because the conduct occurred before he worked for the Alaska district. *Id.* at 1114-15.

The court found the statute did not explicitly require that the conduct occur when the teacher is under contract with the terminating district. *Id.* at 1115. The court further stated that to find the conduct was not grounds for dismissal would operate to immunize an individual who managed to hide his past conduct prior to hiring. *Id.*

Minnesota also allows past conduct to be the basis for termination. *Fisher v. Independent Sch. Dist. 622*, 357 N.W.2d 152, 156 (Minn. Ct. App. 1984). In that case, a teacher was fired in 1983 for sexual conduct which occurred from 1967 through 1971. *Id.* at 153-54. The teacher appealed based upon the remote nature of the conduct. The court upheld the termination, finding that no limitation period existed in the discharge statute. *Id.* at 155. The Minnesota court used factors similar to those in *Hoagland* and concluded that although the conduct was remote, the degree of the adverse effect upon students outweighed the remoteness. *Id.* at 156. The court further stated it was doubtful that any improper sexual conduct with a student would be too remote in time. *Id.*

In this case, we have conduct which occurred 7 to 10 years prior to Mr. Wright's discharge. The conduct was of a sexual nature. The facts of this case are analogous to the Alaska and Minnesota cases. Like those states, our discharge statute does not have a limitations period. RCW 28A.400.300(1). Contrary to Mr. Wright's assertions, neither of those states required a present breach to use the past sexual misconduct as a basis for sufficient cause. The Alaska and Minnesota decisions are persuasive.

Mead had sufficient cause to terminate Mr. Wright. Mr. Wright's actions had no positive educational aspect, nor did they serve a legitimate professional purpose. Past sexual conduct with a student in another district can provide sufficient cause for termination.

We affirm.

SCHULTHEIS, A.C.J., and KURTZ, J., concur.

Review denied at 134 Wn.2d 1011 (1998).