37 P.3d 354 (2002)
109 Wash.App. 767
James WEEMS, Appellant,
v.
NORTH FRANKLIN SCHOOL DISTRICT, Respondent.
No. 19024-2-III.
Court of Appeals of Washington, Division 3, Panel Six.
January 10, 2002.
*355 James L. Weems, Kennewick, for Appellant.
Jeffrey Ganson, Attorney at Law, Seattle, for Respondent.
SWEENEY, J.
This is a dispute over the termination of a school district special education director and psychologist for misconduct. A district can terminate a certificated employee for material and substantial performance deficiencies, but only if the deficiencies are unremediable. However, a district need not consider remediability to terminate for conduct which "lacks any positive educational aspect or legitimate professional purpose." Sauter v. Mt. Vernon Sch. Dist. No. 320, 58 Wash.App. 121, 131, 791 P.2d 549 (1990). Here, Dr. James Weems, the director of special education and the school psychologist, falsified records required by both state and federal agencies to feign compliance with state and federal law. The question before us is whether this conduct is adequate grounds for termination because the conduct lacked "any positive educational aspect or legitimate professional purpose." We conclude that it is and affirm the judgment of the trial court to that effect.
We also reject Dr. Weems' claim that the record on appeal is inadequate and fails to comply with the statute. We therefore affirm the judgment of the trial court, which affirmed the decision of the hearing officer terminating Dr. Weems.

FACTS
Dr. Weems does not challenge the hearing officer's findings. Our fact summary is based on those unchallenged factual findings.
*356 Dr. Weems was the director of special education and the school psychologist for North Franklin School District. In 1996 the District accused Dr. Weems of altering and backdating student files to feign compliance with federal special education law which required maintenance of the records, and issued a letter of probable cause to terminate him. In response, Dr. Weems either denied the alterations, did not recall making the alterations, or said he altered the files to provide a correct date, or to replace a document forged by another employee.
The Education Service District, on behalf of the Office of Superintendent of Public Education, monitors individual school district compliance with various state and federal regulations.[1] The Service District uses a Child Count Verification to monitor the District's special education program. A Child Count Verification is a random check of school district files to determine compliance with special education regulations. Regulations mandate that each student have an Individual Education Plan annually and a Summary Analysis performed triannually.
The District's special education program was subjected to a verification review in February 1996. The review resulted in a higher than acceptable error rate. And a second verification review was scheduled for March 26, 1996.
The Service District employees are not supposed to tell the school districts which files they intend to audit. But here a list of 41 student files to be examined was faxed to the District at 5:40 p.m. on March 25. The list was faxed so that the selected files would be available to the reviewers on the following morning.
Dr. Weems received the list of selected student files and stayed late to review them. He also asked his administrative intern, Sue Leschinski, to stay late as well. Dr. Weems supervised Ms. Leschinski. Dr. Weems and Ms. Leschinski worked on special education files into the late hours of March 25 or early hours of March 26. They were the only staff people to do so.
They altered a number of the files targeted for audit, and altered them significantly. In one instance, a student's file contained a Psychological Assessment Summary dated April 22, 1993, and was signed by both Dr. Weems and Ms. Leschinski. But the assessment was actually typed on March 26, 1996. The assessment purported that Ms. Leschinski had administered and signed the test on March 29, 1993. But Ms. Leschinski was a preschool teacher in 1993. And she would not have been involved with the psychological testing of a junior high school student. Dr. Weems participated in the creation of the document.
In another student file a Summary Analysis was backdated to 1995 when the actual analysis was performed in 1996. The discrepancy was discovered because Dr. Weems' notes referred to the student's pregnancy as being "last year." The student was actually pregnant in 1995.
Another student file contained a Summary Analysis dated November 15, 1994, by Dr. Weems. But the analysis contained scores from a test that was not actually administered until October 17, 1995. And the analysis dated 1994 was purportedly signed by a staff member who only worked for the District during the 1995-1996 school year. Moreover, his case load list showed the student had last been evaluated in 1991, not 1994.
Other student files reflected the same kind of alterations.
Dr. Weems either denied changing the records, tried to explain away others, and also argued that any damages were not misconduct anyway. The hearing officer did not believe Dr. Weems primarily because he presented no evidence that the documents were *357 altered to reflect actual occurrences. And he failed to show any forgeries that required correction.
The hearing officer concluded that documents were backdated on March 25 and 26, 1996, to reflect compliance with required regulations. "[T]he creation of back-dated documents and alteration of dates on other documents were done with Dr. Weems' participation, under his direction, or with his approval." Hearing Officer's Findings of Fact, Conclusions and Final Decision, November 21, 1997 (Hearing Officer's Decision) at 9. From this, the hearing officer then held that the District had probable cause to terminate Dr. Weems, and upheld the termination.
Dr. Weems appealed the hearing officer's decision to the superior court. The District contacted the court reporting firm that recorded the administrative hearing and requested that transcripts of all administrative proceedings be filed with the court. But the testimony of Dr. Douglas Gill, one of Dr. Weems' witnesses, was missing. Dr. Gill's testimony had been tape recorded because the court reporter was late on the day he testified in the hearing. Both parties had agreed to tape record Dr. Gill's telephonic testimony and have it later transcribed.
Dr. Weems made an issue of the missing testimony in superior court. The trial court judge allowed Dr. Weems to retake Dr. Gill's testimony, which he did. And the District also stipulated to Dr. Weems' characterization of Dr. Gill's hearing testimonyessentially that it is not misconduct to change documents to reflect critical facts.
The trial court affirmed the hearing officer's decision.

ABSENCE OF DR. GILL'S TESTIMONY
Dr. Weems first argues that the absence of a complete record requires reversal. RCW 28A.405.330 provides in relevant part:
[T]he school board shall at its expense file the complete transcript of the evidence and the papers and exhibits relating to the decision complained of, all properly certified to be correct.
STANDARD OF REVIEW
Statutory construction is a question of law, which we review de novo. Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001).
MISSING RECORDS
RCW 28A.405.330 is not ambiguous. The burden is plainly on the District to provide the record of the administrative hearing. RCW 28A.405.330. The question here is whether the steps takena subsequent deposition, together with a stipulation as to the characterization of the testimonysatisfy that obligation.
Dr. Weems relies on Hattrick v. North Kitsap School District No. 400 for the proposition that failure to provide the record requires reversal of the termination. Hattrick v. N. Kitsap Sch. Dist. No. 400, 81 Wash.2d 668, 504 P.2d 302 (1972). In Hattrick, the school board did not renew Mr. Hattrick's teaching contract based on seven grounds. Id. at 669, 504 P.2d 302. The school board did not file a complete transcript, but only the papers and exhibits. Id. at 670, 504 P.2d 302. The trial court affirmed the school board's decision. Id. at 669, 504 P.2d 302. Our Supreme Court reversed and the school board was directed to provide a complete record on remand. Id. at 671, 504 P.2d 302.
Hattrick is easily distinguishable. First, no attempt was made to remedy the missing record. The school board deliberately sent only a portion of the record, and therefore made no attempt to supply the missing record. Here, the District and the hearing officer went to some lengths to provide an accurate record. And the trial court found that they had done so.
The issue of missing records has also been addressed in other contexts. In State v. Miller, the jury asked the trial court a question. State v. Miller, 40 Wash.App. 483, 486, 698 P.2d 1123 (1985). But the appeal record was devoid of what the response, if any, was. Id. The court determined that "the usual remedy for defects in the record should be to *358 supplement the record with appropriate affidavits." Id. at 488, 698 P.2d 1123. And the party asserting error must show prejudice before a new trial (or hearing) is granted. Id. at 488-89, 698 P.2d 1123.
Similarly, in M/V La Conte, Inc. v. Leisure, the trial court violated RCW 2.32.200 by refusing to have a court reporter transcribe the court's posttrial proceedings. M/V La Conte, Inc. v. Leisure, 55 Wash.App. 396, 402, 777 P.2d 1061 (1989). The appellate court determined that violation of RCW 2.32.200 did not provide for automatic reversal and remand. Id. Rather, the court held:
It is therefore appropriate to treat a violation of the statute in the same manner as any other defect in the record, i.e., to grant a new trial only if appellant demonstrates prejudice resulting from the incomplete record, and attempts to cure defects in the record.
Id. at 402-03, 777 P.2d 1061 (footnote omitted).
We reject Dr. Weems' assignment of error because the record was adequately corrected. And he cannot therefore show prejudice.
Dr. Gill's opinion was essentially that there is no violation of law or ethical transgression in correcting, completing, or modifying student records to correct or complete them. But here Dr. Weems was not merely "correcting, completing and modifying certain special education records which he had learned to be inaccurate, uncompleted, or erroneous[.]" Appellant's Br. at 13.
The hearing officer found that Dr. Weems attempted to create a record, not merely correct dates. One student's assessment contained testing that was purportedly done by Ms. Leschinski. But Ms. Leschinski could not have done the testing because she worked elsewhere. In another, the altered record represents that a staff worker signed an analysis during a school year. But again the staff member was not an employee of the District at that time. Another "correction" resulted in a classroom observation allegedly occurring on a Sunday. Other forms were allegedly filled in before the forms were even in existence. And finally, Dr. Weems "corrected" one document by changing the date to February 29, 1995a date that never existed.
In sum, a missing or incomplete record should be corrected. M/V La Conte, 55 Wash.App. at 402-03, 777 P.2d 1061; Miller, 40 Wash.App. at 488, 698 P.2d 1123. And here it was. Moreover, reversal or a new trial is only appropriate if the party can demonstrate prejudice. M/V La Conte, 55 Wash.App. at 402-03, 777 P.2d 1061; Miller, 40 Wash.App. at 488-89, 698 P.2d 1123. Dr. Weems cannot.

SUFFICIENT CAUSE TO TERMINATE
STANDARD OF REVIEW
We review the hearing officer's factual findings on Dr. Weems' conduct for clear error. Wright v. Mead Sch. Dist. No. 354, 87 Wash.App. 624, 628, 944 P.2d 1 (1997); Sauter v. Mt. Vernon Sch. Dist. No. 320, 58 Wash.App. 121, 128, 791 P.2d 549 (1990). But whether the alleged conduct constitutes sufficient cause for termination is a question of law. And we review that conclusion de novo. Wright, 87 Wash.App. at 628, 944 P.2d 1; Sauter, 58 Wash.App. at 128, 791 P.2d 549.
Dr. Weems does not challenge any of the hearing officer's factual findings. They are then verities. Hagemann v. Worth, 56 Wash.App. 85, 89, 782 P.2d 1072 (1989). Dr. Weems argues that his conduct is not sufficient cause for termination.
SUFFICIENT CAUSE
Sufficient cause for termination of a certificated employee requires either an unremediable deficiency which "materially and substantially affects performance" or conduct which "lacks any positive educational aspect or legitimate professional purpose." Sauter, 58 Wash.App. at 131, 791 P.2d 549. Remediability is only a consideration when the discharge follows deficient performance. That is, some professional shortcoming that can be remedied with training, more work, or other instructionfor example, if the student's files here were left incomplete or poorly *359 maintained rather than falsified. Remediability need not be considered when the teacher's conduct lacks any positive educational aspect or legitimate professional purpose. Ruchert v. Freeman Sch. Dist., 106 Wash. App. 203, 211, 22 P.3d 841 (2001); Wright, 87 Wash.App. at 630-31, 944 P.2d 1; Sauter, 58 Wash.App. at 130-31, 791 P.2d 549.
Here, the hearing officer found that "the creation of back-dated documents and alteration of dates on other documents were done with Dr. Weems' participation, under his direction, or with his approval." Hearing Officer's Decision at 9.
WACs governing the discharge of teachers, while not directly applicable, are helpful. Unprofessional conduct is grounds for revocation of a teaching certificate, and discharge of a teacher. See RCW 28A.410.090(1); WAC 180-87-005; see also Denton v. S. Kitsap Sch. Dist. No. 402, 10 Wash.App. 69, 72, 516 P.2d 1080 (1973) (discharge is less drastic action than revocation of teaching certificate). Unprofessional conduct includes:
Any falsification or deliberate misrepresentation, including omission, of a material fact by an education practitioner concerning any of the following is an act of unprofessional conduct:
. . . .
(5) Evaluations or grading of students and/or personnel.
(6) Financial or program compliance reports submitted to state, federal, or other government agencies.
WAC 180-87-050.
Dr. Weems created and falsified documents in order to feign compliance with both state and federal special education regulations. The documents included student evaluations and records required by state and federal regulations. This conduct served no educational or legitimate professional purpose. It was dishonest. And there is no reason for dishonesty in any work place. This is then sufficient cause to terminate Dr. Weems. Sauter, 58 Wash.App. at 131, 791 P.2d 549.

MOTIONS TO RECONSIDER AND VACATE
Dr. Weems next argues that the trial court erred in denying his motion for reconsideration and motion for a new trial.
STANDARD OF REVIEW
Motions for reconsideration under CR 59 are reviewed for an abuse of discretion. Holaday v. Merceri, 49 Wash. App. 321, 324, 742 P.2d 127 (1987). Likewise, motions to vacate under CR 60 are also reviewed for an abuse of discretion. Morgan v. Burks, 17 Wash.App. 193, 197, 563 P.2d 1260 (1977). A trial court abuses its discretion when it bases its decision on untenable grounds or untenable reasons. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
DENIAL OF CR 59(A) AND CR 60(B) MOTIONS
The trial court determined that Dr. Weems' CR 59(a) motion was untimely. It also determined that his CR 60(b) motion was based on events that Dr. Weems knew of during the court proceedings. And most of his issues had previously been briefed, argued, and considered by the court.
Dr. Weems presents no citation to the record or citation to authority for this issue. Moreover, he does not even attack the trial court's reasons for denying the motions. Instead, Dr. Weems makes summary allegations about moving his pleadings and the trial court's refusal to meet with him. Appellant's Br. at 35-36. The trial court gave tenable reasons for denying Dr. Weems' posttrial motionshis CR 59(a) motion was untimely and his CR 60(b) motion raised issues already considered by the court. It did not then abuse its discretion. Carroll, 79 Wash.2d at 26, 482 P.2d 775.

ADDITIONAL ISSUES RAISED BY DR. WEEMS
Dr. Weems also assigned error to the trial court's (1) order striking his motion for summary judgment, (2) denial of his motion to reopen closing argument, and (3) refusal to sign a show cause order or meet with Dr. Weems personally.
*360 None of these issues are briefed or supported by citation to the record or authority. As such, they are waived. RAP 10.3; In re Detention of A.S., 138 Wash.2d 898, 922 n. 10, 982 P.2d 1156 (1999); Kadoranian v. Bellingham Police Dep't, 119 Wash.2d 178, 191, 829 P.2d 1061 (1992).
Additionally, Dr. Weems' briefs contain statements that are not only irrelevant, but totally outside of the record. For example, Dr. Weems states that he knows of no other certificated employee being terminated under similar circumstances. Appellant's Reply Br. at 13. He then states:
Then again, neither does Weems know of another superintendent who has attempted to terminate a certified employee because he rented a fifth-wheel trailer to a woman who was suspected to be lesbian.
Appellant's Reply Br. at 13. Dr. Weems also alleges criminal behavior and conspiracies to have him fired on the part of both District employees and counsel. These allegations are outside of the scope of this court's review and will not be considered. See State v. McFarland, 127 Wash.2d 322, 335, 899 P.2d 1251 (1995) (court will not consider matters outside of the record); Simmons v. Vancouver Sch. Dist. No. 37, 41 Wash.App. 365, 370, 704 P.2d 648 (1985) (appellate court reviews record before hearing officer).
We affirm the judgment of the trial court, which affirmed the decision of the hearing examiner terminating Dr. Weems.
KURTZ, C.J. and SCHULTHEIS, J., concur.
NOTES
[1] See chapter 392-172 WAC; Individuals with Disabilities Education Act, 20 U.S.C. § 1400 (1997).