[No. 66312-7-I.   Division One.   November 14, 2011.]

GLORIA BRIGGS ET AL., *Appellants*, v. SEATTLE SCHOOL DISTRICT No. 1, *Respondent*.

*Scott E. Stafne* (of *Stafne Law Firm*), for appellants.

*Shannon M. McMinimee* (of *Tacoma Public Schools*), *Mark F. O'Donnell* (of *Preg O'Donnell & Gillette PLLC*), and *Gregory E. Jackson* (of *Freimund Jackson Tardif & Benedict Garratt PLLC*), for respondent.

¶1 GROSSE, J. — State statute grants the superior court appellate jurisdiction to conduct administrative review of certain school board decisions. Gloria Briggs and other parents (collectively Briggs) appeal a superior court's decision upholding the Seattle School District Board of Directors' decision to close certain schools, contending that the superior court was without authority to grant additional time to the district within which to provide an adequate record. RCW 28A.645.020 provides that a district must supply the superior court with the administrative record within 20 days of receiving a notice of appeal. However, that 20-day filing requirement is procedural and not jurisdictional. Here, when Briggs asserted that the record was inadequate, the superior court gave the district additional time within which to supplement the record. This was the appropriate remedy.

¶2 Briggs also argues that the record submitted was not certified as required by statute, and that the trial court erred by dismissing several complainants for lack of standing and by striking an exhibit attached to her attorney's limited notice of appearance. None of these contentions have any merit, and we affirm the superior court.

FACTS

¶3 On January 29, 2009, the Seattle School District Board of Directors (district) voted five to two to close five school buildings for instructional purposes and to approve nine programmatic changes. On February 27, 2009, Briggs filed

a timely notice of appeal to the superior court.[1] On March 23, 2009, the district filed the transcript of evidence and six digital video disks certified by the district staff.

¶4 Disputes arose regarding the adequacy of the district's hearings and administrative record. In an attempt to resolve these issues, Briggs' attorney, Scott Stafne, moved for summary judgment, contending the district violated RCW 28A.335.020 by improperly restricting testimony to the closing of school buildings, failing to supply an adequate record, preventing adequate judicial review, and denying the parents' constitutional right to have access to the courts. On November 3, 2009, in an oral decision, the trial court denied the summary judgment but found the district failed to include a variety of parental submissions and exhibits that had been submitted to the district and ordered the district to supplement the record, which the district did on November 17, 2009. On the same date, Briggs moved to "reconsider and/or amend" the denial of his partial summary judgment order. On December 4, 2009, the superior court found that Briggs' motion was not a motion for reconsideration, but a motion on the sufficiency of the supplemented record that the court directed the district to provide.[2]

¶5 On December 15, 2009, the superior court again determined that the record was not yet adequate because the district failed to provide written transcripts of the digital video recordings of the school board meetings. The court directed the parties to determine a hearing date and set a briefing schedule by January 8, 2010.

¶6 The district filed transcribed copies with the court, but Briggs refused to comply with the court's briefing schedule based on her mistaken belief that the court had no

---

[1] RCW 28A.645.010 requires persons aggrieved by a school board to file within 30 days of the board's decision.

[2] On that same day, the court entered a written order reflecting its November 3 oral ruling denying Briggs' motion for partial summary judgment and directing the district to supplement the record.

authority. The superior court denied Briggs' motion to certify its denial of the summary judgment dismissal to the Supreme Court. Briggs then filed a motion for discretionary review with the Supreme Court, which was denied.

¶7 On June 1, 2010, the superior court granted the district's motion to dismiss several complainants for lack of standing. On July 9, 2010, the court entered an order on case management and permitted Briggs' attorney, Stafne, to appear for the limited issue of adequacy of the record. The remaining parents who still had standing proceeded pro se. After reviewing the record and hearing argument, the superior court affirmed the district's decision, finding that the parents had failed to meet their burden establishing that the challenged decisions were arbitrary, capricious, or contrary to law.

## ANALYSIS

¶8 Briggs raises several issues in her appeal, but all are entwined with her mistaken belief that the superior court was acting without authority when it granted the district additional time within which to submit the record.

### Filing and Certification of Record

¶9 RCW 28A.335.020 provides that "[b]efore any school closure, a school district board of directors shall adopt a policy regarding school closures which provides for citizen involvement before the school district board of directors considers the closure of any school for instructional purposes." The policy "shall also include a requirement that during the ninety days before a school district's final decision upon any school closure, the school board of directors shall conduct hearings to receive testimony from the public on any issues related to the closure of any school for instructional purposes."[3]

---

[3] RCW 28A.335.020.

¶10 RCW 28A.645.010 grants the superior court appellate jurisdiction to conduct an administrative review of a decision by a school board.[4] All that is required is that an aggrieved person file and serve a notice of appeal setting forth the errors complained of within 30 days after the school board decision was made. Upon proper filing of the notice of appeal, the superior court obtains subject matter jurisdiction.[5] RCW 28A.645.020 requires the school board to file, at its own expense, the record for review within 20 days. The record consists of "the complete transcript of the evidence and the papers and exhibits relating to the decision for which a complaint has been filed."[6]

¶11 Briggs argues that the superior court lacks authority to extend the time in which to file the record beyond the 20 days specified in RCW 28A.645.020. Briggs contends that if the record is inadequate to provide review, it is by definition not adequate to provide her access to the courts as guaranteed by article I, section 10 of the Washington State Constitution. Briggs further contends that in doing so, the superior court violated the separation of powers doctrine because it usurped the legislature's role that had already established a 20-day time limit. Finally, Briggs

---

[4] RCW 28A.645.010 provides:

Any person, or persons, either severally or collectively, aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order, or of the failure to act upon the same when properly presented, may appeal the same to the superior court of the county in which the school district or part thereof is situated, by filing with the secretary of the school board if the appeal is from board action or failure to act, otherwise with the proper school official, and filing with the clerk of the superior court, a notice of appeal which shall set forth in a clear and concise manner the errors complained of.

[5] *Clark v. Selah Sch. Dist. No. 119*, 53 Wn. App. 832, 836-37, 770 P.2d 1062 (1989).

[6] RCW 28A.645.020 provides:

Within twenty days of service of the notice of appeal, the school board, at its expense, or the school official, at such official's expense, shall file the complete transcript of the evidence and the papers and exhibits relating to the decision for which a complaint has been filed. Such filings shall be certified to be correct.

argues that the school district incorrectly certified the record by failing to use the term "correct" in the attestations submitted to the court. None of these contentions has any merit. The trial court properly denied Briggs' motion for summary judgment and ordered the district to supplement the record.

¶12 RCW 28A.645.020 is a procedural rule meant to timely effectuate the right of appeal. It is not jurisdictional. Although there has been no published case law specifically interpreting RCW 28A.645.020, cases interpreting similar statutes are illustrative. RCW 28A.405.330 and its predecessors, RCW 28.58.470 and RCW 28A.58.470, require that a school district file "the complete transcript of the evidence and the papers and exhibits relating to the decision complained of, all properly certified to be correct." In *Hattrick v. North Kitsap School District No. 400*,[7] the school board did not renew Hattrick's teaching contract on a variety of grounds. The school board filed only papers and exhibits and not the complete transcript. The trial court affirmed the school board, but our Supreme Court reversed, directing the school board to provide a complete record on remand and holding that the superior court needed to decide the matter de novo to determine whether there was sufficient cause to not renew the teaching contract.[8] The court did not vacate the school board's decision, but it directed the school board to submit a complete transcript of the hearing before it as the trial court did here.

¶13 In *Weems v. North Franklin School District*,[9] a special education director who was terminated for falsifying documents appealed the hearing officer's decision that the

---

[7] 81 Wn.2d 668, 504 P.2d 302 (1972).

[8] *Hattrick*, 81 Wn.2d at 670-71.

[9] 109 Wn. App. 767, 37 P.3d 354 (2002), *abrogated on other grounds by Fed. Way Sch. Dist. No. 210 v. Vinson*, 172 Wn.2d 756, 261 P.3d 145 (2011).

termination was justified.[10] On appeal to the superior court, the testimony of one of the witnesses was missing. The superior court allowed the testimony to be retaken with a stipulation regarding the witness's original testimony. The superior court then upheld the decision to terminate. On appeal to this court, we rejected Weems' argument that *Hattrick* stood "for the proposition that failure to provide the record requires reversal of the termination."[11] In rejecting that argument, we noted that a violation of the statute does not require automatic reversal but should be treated as any other defect in the record, and a new trial should be granted only if there is a demonstration of prejudice resulting from the incomplete record and attempts to cure that record.[12]

¶14 Both *Weems* and *Hattrick* stand for the proposition that the remedy for an inadequate record is to give time to supplement it when there is no prejudice. The trial court was correct in finding that the district had not submitted an adequate record and properly imposed the appropriate remedy of granting the district additional time within which to submit it. That time did not prejudice Briggs.[13]

¶15 Nor do we find any validity to Briggs' argument that the district did not certify the record as required by statute. The parties are familiar with the certifications used with each submission and they will not be set forth again here. Briggs' entire argument rests on the district's failure to use the term "correct" when certifying the record to the superior court. RCW 28A.645.020 provides that the district's filings "shall be certified to be correct." While the

---

[10] *Weems* involved the nearly identical language of RCW 28A.405.330, which now applies to appeals of decisions involving certificated employees.

[11] *Weems*, 109 Wn. App. at 774.

[12] *Weems*, 109 Wn. App. at 774-75 (quoting *State v. Miller*, 40 Wn. App. 483, 488, 698 P.2d 1123 (1985)).

[13] Because we find that the superior court did not err in granting additional time to supplement its record, thus affording Briggs an opportunity to argue in court on an adequate record, we do not address Briggs' arguments on court access.

better choice would have been to use the same term as found in the statute, failure to do so does not in and of itself invalidate the certifications. Here, five school district employees and various court reporters all offered attestations regarding the materials submitted to the court. Each of these had a formal acknowledgment. This was sufficient to comply with the statute.[14]

## Standing

■ ■ ¶16 RCW 28A.645.010 requires that a person be "aggrieved by" the school board's decision in order to commence an action. An "aggrieved party" is one whose personal rights or pecuniary interests have been affected.[15] The trial court dismissed five complainants for lack of standing. One was not a resident of the district and the remaining four did not have children at the schools impacted by the decisions at issue. The trial court's ruling was correct. No person has a right to have their child attend at any particular school building.[16]

¶17 Briggs makes an ethereal argument that all parents had standing to challenge the district's failure to comply with the statutory requirements of RCW 28A.335.020 (requiring district to adopt policy regarding school closures which provides reasonable notice to affected residents). Again much of the argument is entwined with her theory that granting the district the additional time within which to submit the record somehow denied her access to the courts. As discussed above, this argument has no merit.

---

[14] We note that even if Briggs' argument had merit, we could provide no remedy. Briggs wants the superior court to void the school board's decisions, but if the superior court had no authority, its only option would have been to dismiss the appeal, thus leaving the school board's decision intact.

[15] *State v. Taylor*, 150 Wn.2d 599, 603, 80 P.3d 605 (2003).

[16] *Citizens Against Mandatory Bussing v. Palmason*, 80 Wn.2d 445, 453, 495 P.2d 657 (1972).

*Striking Exhibit*

¶18 Stafne contends that the trial court erred by striking the Washington State auditor's report on the district which was attached to his second limited notice of appearance. The admission of or refusal to admit evidence is reviewed for abuse of discretion. "A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds."[17] Briggs fails to show any such abuse.

¶19 Stafne argued that the report supported his contention that the district's record keeping on school closures and student assignments did not comply with law. But because the opinions expressed in the report are inadmissible hearsay as they purport to assert the truth of the matter, the trial court correctly denied admission.

¶20 Finally, we consider Briggs' motion to strike factual statements contained in the district's brief because it lacked specific citations to page numbers. RAP 10.3(a)(5) requires reference to the record. Here, the district cited to specific named documents in places where the supplemental clerk's papers pagination had not yet been assigned. These documents were easily located in the record. Accordingly, we deny Briggs' motion to strike.

¶21 We affirm the superior court's order affirming the school board's decision.

DWYER, C.J., and APPELWICK, J., concur.

Reconsideration denied December 20, 2011.

Review denied at 173 Wn.2d 1034 (2012).

---

[17] *Boguch v. Landover Corp.*, 153 Wn. App. 595, 619, 224 P.3d 795 (2009).